## No. 12,190.

LAWRENCE G. CRONAN VS. CRESCENT CITY RAILROAD COMPANY.

| 49 | 65 |
| f123 | 572 |

It is the duty of the carrier to convey the passenger safely to his destination, any want of care on the part of the street car conductor resulting in injury to the passenger will make his principal responsible, but to call a boy passenger to the platform of the car about to reach his destination, the signal to stop the car given and the boy called at the right time, will not be deemed negligence of the conductor charging the carrier with responsibility for injuries to the boy by falling from the platform or car steps, the fall being due to his own imprudence. Hutchison on Carriers, Sec. 553 *et seq.*, 665, 666 *et seq.*; 102 U. S. 451.

The court distinguishes this case from that of negligence implied from allowing boys of tender age to ride on platforms of street cars. 72 Wis., p. 72; 27 Mich. 510; 75 Pa. 86.

The carrier of passengers will not be held responsible for injury to a boy passenger caused by his own imprudence, merely because of his age, nearly ten years. Hutchison, Sec. 666 *et seq.*, and authorities there cited.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Benjamin Rice Forman* and *B. R. Forman, Jr.*, for Plaintiff, Appellant.

*Farrar, Jonas & Kruttschnitt* for Defendant, Appellee.

Argued and submitted November 5, 1896.
Opinion handed down November 16, 1896.
Rehearing refused January 18, 1897.

The opinion of the court was delivered by

MILLER, J. The appeal is from the judgment of the lower court, rejecting plaintiff's demand for injuries to his minor son, arising, the petition alleges, from the careless striking or pushing the son by the conductor of defendant's street railway car, the son being a passenger, and by that striking or pushing, plaintiff's son fell from the car with great force on the stone pavement, sustaining the bruises and other injuries for which the suit seeks damages.

The answer is the general issue, and imputes the injuries of the son to his fault and negligence in jumping from the car while in motion.

The allegation in the petition is of negligence on the part of the conductor that would, if sustained by testimony, fix liability on the defendant. It is the carrier's duty to carry his passenger safely to his destination, and any carelessness of the conductor in striking, pushing the passenger, or other form of imprudence, whereby he falls from the car and is injured, will make the carrier responsible. Story on Bailments, Sec. 593 *et seq.*; Hutchison on Carriers, Sec. 553 *et seq.*; Pennsylvania Company vs. Rey, 102 U. S. 451; New Jersey Steamboat Company vs. Brockett, 121 U. S. 637.

We have, therefore, given careful attention to this branch of the case. It seems that when the car neared the corner at which the boy was to alight he came to the platform on the signal of the conductor, passed, or, as he says, "dodged," under his arm, raised to pull the bell-rope for giving the requisite notice for stopping to the motorman. The boy testifies he was struck on the shoulder by the arm of the conductor in its descent from pulling the bell-rope. A fellow-passenger, seated near the door of the car on the side oppo-

site to that on which the boy was to alight, testifies most distinctly the boy had reached the step, fell from it when the conductor's arm was still raised, and was not struck by it. The testimony of the fellow-passenger is not marked by the expressions often occurriug in negative testimony. He states he had the boy in full view, saw him fall, and saw the conductor's arm raised at the time, and it did not strike the boy. In aid of this testimony it is urged on us that in pulling the bell-rope the conductor used his hand in a direction lateral to the rope; does not move his arms downward, and even if downward that the slack of the bell-rope is not sufficient, considering the height of the rope from the platform, to permit the elbow of the conductor's arm to come in contact with the shoulders of a boy shown to be four feet five inches high. Whatever the force of this argument, it is aided, if, according to the testimony of the fellow-passenger, the boy was on the step. But, irrespective of the argument based on the position and height of the boy, the distance of the bell-rope from the platform or the step, in the condition of the testimony, to sustain the charge of negligence in striking or pushing the boy, we would have to disregard the very positive testimony of the fellow-passenger, and the equally distinct testimony of the conductor, that the boy was neither pushed nor struck. The boy is, doubtless, truthful of his impression. His statement " he dodged under the conductor's arm, he went to pull the bell-rope, and hit him (the witness) in the back, and that is all he knew until he was brought home lying in bed," etc., puts the boy with his back to the conductor, and we are inclined to think the supposed stroke on the boy's back was an inference, but however regarded, confronted as the testimony of the boy is, with that of the fellow-passenger and the conductor, we are unable to accept the theory of the petition as that of the accident. On this issue of fact, too, the judgment appealed from was against plaintiff, and the record shows, in our opinion, no basis to disturb the conclusion of the lower court on this branch of the case.

The plaintiff conceives that the testimony furnishes a basis of liability of the defendant, although not alleged in the petition; i. e., that the boy was exposed to danger on the platform. The defendant earnestly contends that plaintiff should be restricted to the cause of the injury stated in the petition. We have, however, considered the testimony on which the plaintiff relies. The plaintiff brings to our

notice the rules of the defendant company for the guidance of its conductors and motormen, one of which rules is, that children unattended by their parents will not be permitted to stand on either platform of the car. The plaintiff claims the rule was not observed in this case; that its non-observance caused or contributed to the accident; that there was negligence of the conductor chargeable to the defendant. The law with reason exacts of the carrier greater care of the passenger, a child of tender age, than of an adult. Hutchison on Carriers, Secs. 665, 666 *et seq.* The rule simply affirms the prudence enjoined by the law. The child, in the language of the text writer, should not be permitted to occupy positions of danger, nor otherwise expose themselves to injury, at least without warning. The cases illustrating this are cited by the text writer and by plaintiff. In 75 Penn. State, the boy thirteen years old was permitted to ride on the platform of the car, with no admonition or objection from the conductor, and announcing his purpose loud enough for the conductor to hear, the boy stepped off the car while in motion, was dragged by it and was injured. The case cited from 14 S. W. we have not examined, and presume it is of the type indicated in the text-book. In 27 Michigan, p. 510, the child was permitted to ride on the platform, fell off and was injured. In 72 Wisconsin, p. 42, the car passed the station, the destination of a boy passenger, it being intended the train should return to that station, but the boy, ignorant of this intention, jumped from the moving train and was injured. Hutchison on Carriers, Secs. 665, 666 *et seq.* In the first of these cases the appellate court set aside the verdict directed by the lower court, and held the question of negligence should have been submitted to the jury. In the cases from 27 Michigan and 72 Wisconsin, the defendant carriers were held liable, in the one case, because the conductor permitted the children to ride on the platform—a position of danger; and in the other, because the child was not told the car was to return after passing the station. In this case, the boy's account is, when he got between South and Lafayette street, the conductor signaled · him to come to the platform, saying " the next corner is yours; " the boy states he dodged under the conductor's arm, that when he went to pull the bell he hit him (the boy) on the back and he adds, that is all he knew until he found himself at home in bed. We gather from the other witnesses that when the car got to

South street, the boy's destination, the motorman motioned the boy to the platform, that he left his seat, came out, and as the conductor put his hand on the bell to pull it, and before he had time to pull, the boy had fallen off the car.   The testimony to this effect comes from a fellow-passenger, and to some extent, at least, is supported by that of other passengers and the conductor.   It seems to us the case is distinguished from that in which the boy passenger is permitted to ride on the platform.   To use the platform in lieu of the seats inside during the course of the transportation, is not the same as calling the boy to the platform when the car is about stopping at his destination.   The boy was in his seat when called until called to alight.   We do not understand it to be questioned that the stop signal was made and the boy called at the right time, and he had to come to the platform to alight.   His fall after he got there, not caused by the push of the conductor, as charged in the petition, must, in our view, have resulted from his missing his footing on alighting from the car before it came to a full stop.   The evidence submitted compels the conclusion the fall was due to his imprudence.

It is urged on us, however, that negligence is not imputable to children of tender age.   It is, however, equally true that carelessness in children who are of age sufficient to exercise discretion for the avoidance of injury to themselves when traveling in street cars, is recognized.   Hutchison on Carriers, Sec. 666 *et seq*.   The law does not fix this age of discretion.   All that we have before us on this branch of the case is, that the parents of the boy deemed him old enough to travel by himself, and the fact he was nearly ten years of age.   If, as we hold, he was not exposed to peril and could have left the car with safety using ordinary care, we do not think the defendant can be held liable merely and only because of the boy's age.   Neither reason or the authorities exact that the carrier of passengers shall anticipate and guard against injuries which ordinary prudence would avoid, and that prudence, it seems to us, is not dispensed with on the part of a boy placed on the car by his parents and of that intelligence usual to the age of ten.   We can not, therefore, on this ground, that his age, in effect, made his imprudence the neglect of the conductor, hold defendants liable.

We have given attention to the case in all its aspects and to the authorities cited by plaintiff, and our conclusion is the defendants can not be adjudged responsible for the accident.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.