## No. 3119

### Second Circuit

---

## FORD v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO.

---

(February 3, 1928.   Opinion and Decree.)
(March 14, 1928.   Rehearing Refused.)
(May 6, 1928.   Writ of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Automobiles—Par. 6; Negligence—Par. 31.**

No contributory negligence can be imputed to a child who was not of sufficient maturity to be held guilty of negligence in failing to appreciate the necessity of observing for himself the dangers of the crossing rather than relying upon the driver, a man of mature years, who had exclusive control of the truck.

2. **Louisiana Digest—Negligence—Par. 4; Parent and Child—Par. 6, 7.**

Where the evidence does not show negligence in plaintiff in permitting another the care and custody of his minor child nor in that party permitting his child to ride on the truck with the driver, he can recover for the death of his infant child due to the negligence of another.

**3. Louisiana Digest—Automobiles—Par. 9; Damages—Par. 41; Death by Wrongful Act—Par. 18.**

More than nominal damages are allowed to a father for the death of his infant child even though he had contributed little to his support but had not abandoned him, the parents' society, companionship and affection of the child in the case being fixed at a quantum of two thousand dollars damages.

Appeal from the Third Judicial District Court, Parish of Union. Hon. S. D. Pearce, Judge.

Action by Martin L. Ford against Chicago, Rock Island & Pacific Railway Company.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Crow and Coleman, of Shreveport, and S. L. Digby, of Ruston, attorneys for plaintiff, appellant.

Barksdale, Warren and McBride, of Ruston, attorneys for defendant, appellee.

WEBB, J. This action was instituted by Martin L. Ford to recover damages for loss of affection, companionship and society, and earnings, and aid and comfort, sustained by the death of his minor son, Charles Ford, who was killed in the accident in which John Pylant, plaintiff in suit No. 3121, John Pylant versus Chicago, Rock Island & Pacific Railway Company, was injured, this day decided.

The pleadings in the suits, as to the negligence of defendant, as well as the defenses interposed, with the exceptions as to the latter, hereinafter noted, were the same, and they were consolidated for purposes of trial, and the facts found and stated in the opinion in the suit of John Pylant versus Chicago, Rock Island &

Pacific Railway Company, as well as the ruling on the question raised as to the liability of defendant under the doctrine of the last clear chance, are applicable to the present suit.

The defendant in the present suit pleaded that plaintiff had given his minor son to J. E. Buckley, and also that the death of Charlie Ford was due solely to the gross negligence and carelessness of Charlie Ford and John Pylant, which negligence is also pleaded in the alternative as having contributed to the accident.

In addition to the facts stated in the opinion in the cause of John Pylant versus Chicago, Rock Island & Pacific Railway Company, the evidence established that the plaintiff, Martin L. Ford, had, several years prior to the accident, entrusted the care and custody of his minor child, Charlie Ford, to J. E. Buckley, and that Buckley had, for some time prior to the accident, permitted Charlie to assist John Pylant, a man of about forty years of age, in delivering merchandise to customers of Buckley, Pylant using and driving a motor truck owned by Buckley in making the deliveries, and that at the time of the accident Charlie Ford was engaged in such work, riding on the seat with Pylant, and that at the time Charlie was thirteen years of age, and intelligent and capable for his age.

The defendant contends that plaintiff cannot recover for the following reasons:

First: That Charlie, the minor, was himself guilty of contributory negligence in failing to warn Pylant to stop the truck before going upon the track, or in failing to observe the approaching train and warn Pylant.

Second: That Charlie Ford, and Pylant, were co-laborers engaged in the joint en-

terprise of delivering merchandise and the negligence of Pylant must be imputed to the minor.

Third: That in event it should be held that Charlie Ford was not guilty of contributory negligence or that the negligence of Pylant cannot be imputed to him, that plaintiff entrusted the care of his son to Pylant and the negligence of Pylant should be imputed to plaintiff, and he should not be permitted to recover.

Fourth: That in any event the amount of recovery should be nominal.

(1) The basis of this position is, that the evidence establishing that Charlie Ford was thirteen years of age and intelligent, he was capable of being guilty of negligence; citing Westerfield vs. Levis, 43 La. Ann. 63, 9 South. 52; Lynch vs. Knoop, 118 La. 611, 43 South. 252; Cusimano vs. New Orleans, 123 La. 565, 49 South. 195; Ferrand vs. Cook, 146 La. 17, 83 South. 362; and that he was bound to exercise ordinary care, which included the duty of cautioning the driver to stop before going ·upon the track, or to observe for himself and warn the driver of the approach of the train, citing Brubaker vs. Iowa County, and note, 18 A. L. R. 303; Lambert vs. Eastern Massachusetts R. R. Co., 22 A. L. R. 129; Toups vs. M. L. & T. R. R. & S. S. Co., 4 La. App. 136; Leopold vs. T. & P. Ry. Co., 144 La. 1000, 81 South. 602; and 29 Cyc., page 561, and quoting an excerpt from the latter as follows:

"Notwithstanding the fact that the negligence of the driver will not be imputed to a passenger yet it is necessary that the passenger himself must exercise ordinary care. And the rule denying the imputation of the negligence of the driver to the passenger has no application where such passenger has an opportunity to discover the danger, it being his duty in such case to discover and avoid it. While the passen-

ger is not required to exercise the same watchfulness as the driver, he cannot rely implicitly on the care of the driver when in a position to see, etc."

The citations as to the duty of the passenger in general (without regard to the question of imputing the negligence of one person to another where they do not sustain the relation of master and servant, etc.) recognize that there is a difference between the duty of the passenger or person riding with the driver and that of the driver in approaching and going upon railroad crossings; and in Churchill vs. T. & P. Ry. Co., 151 La. 726, 92 South. 314, where a guest of the driver was charged with negligence, it was said:

"One riding in an automobile, who did not have charge of its operation, was not required to keep a lookout for danger at a railroad crossing, but could rely on the discharge of that duty by the driver, and, where he shouted a warning as soon as he saw a train, he was not negligent."

If it could be said that the expression quoted from the case of Churchill vs. T. & P. Ry. Co., supra, does not go to the extent of relieving a passenger, guest or one riding in a vehicle of maintaining a lookout for danger at a railroad crossing, nevertheless it is clear that the court has recognized there is a difference between the duty of the driver and one riding with him, when approaching or when going upon a railroad track, at a crossing (Daull vs. N. O. Ry. & L. Co., 147 La. 1012, 86 South. 477, and authorities cited), and considering that there is a material distinction in the nature of the evidence necessary to show negligence on the part of the driver and one riding in the vehicle with him (where negligence cannot be imputed to the latter) in that the negligence of the driver is active, while that of the person riding with him is passive, and that in determining whether or not the latter has been guilty

of negligence in failing to act, the maturity of such person as well as his relation to the driver should be considered, and not solely the question of whether or not he is capable of appreciating danger.

The evidence does not show that Charlie Ford was a precocious child, and the driver of the truck being a man of mature years, we think, conceding that it is ordinarily the duty of one riding in a vehicle with the driver, to maintain a lookout for danger at a railroad crossing and to warn the driver to stop before going upon the crossing, where, as in the present instance, the driver had approached the crossing at a speed which would have enabled him to stop at any time, we do not think the evidence is sufficient to show that Charlie Ford was of sufficient maturity to be held guilty of negligence in failing to appreciate the necessity of observing for himself the dangers of the crossing rather than relying upon the driver, a man of mature years, who had exclusive control of the truck.

(2) While we think that this is answered by the ruling above, but as it involves the question of imputing the negligence of one person to another, we think that it is also answered by the evidence not showing that Charlie Ford had control of the driver of the truck or that they were engaged in a joint venture. (Blashfield, vol. 2, pages 1137-1147, Nos. 28-31.)

(3) Defendant in support of this position cited the rule that a parent cannot recover for the damages sustained by him resulting from the death of his infant child where the parent's negligence in the care of the child contributed to the death (Westerfield vs. Levis Bros., 43 La. Ann. 63, 9 South. 52) and decisions from other jurisdictions are also cited in which the negligence of one to whom the parent entrusted his child is imputed to the parent.

We do not understand that counsel contend that the doctrine would be applicable only when negligence was shown by the parent and as the evidence does not show that Buckley or Pylant could be said to have occupied the legal relation of a parent to the minor neither could have escaped liability to the minor for injuries resulting to him from their negligence, and certainly the evidence does not show negligence in plaintiff in permitting Buckley to have the care and custody of the minor nor in Buckley in permitting the child to ride on the truck with Pylant, and we do not think the negligence of Pylant can be imputed to the parent.

(4) The evidence establishing that plaintiff had allowed J. E. Buckley to have the care and custody of his minor for several years and that during that time plaintiff had not contributed to the child's support and had allowed long intervals to elapse without inquiry as to the child, defendant contends that the amount of recovery should be only nominal.

It does not appear that plaintiff had abandoned his child, and we assume that in allowing Buckley to have the care and custody of the child plaintiff made some sacrifice and that he did have some expectancy for aid and assistance from his child after he became of age, and while it is impossible to fix with certainty the value of such expectancy, as well as the value of the society and companionship and affection of the child, to the parent, we think that he should recover more than merely nominal damages, and we shall fix the amount at two thousand dollars, which, considering the decrease in the purchasing value of money, is authorized under the following decisions: Wilson vs. Banner Lumber Co., 108 La. 590, 32 South. 460; Lindsey vs. Tioga Lumber Co., 108 La. 468, 32 South. 464; Patton vs. Frost-Johnson

Lumber Co., 142 La. 117, 76 South. 580; Duffy vs. Hickey, 151 La. 278, 91 South. 733.

The judgment appealed from is therefore annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff, M. L. Ford, have and recover judgment against defendant, Chicago, Rock Island & Pacific Railway Company, in the sum of two thousand dollars, with legal interest from judicial demand, and all costs of suit.