AYRES, Judge.
This is an action for damages for the death of Joseph Lee Houston, who was killed when struck and run over by a garbage or trash-collecting truck owned and operated by the defendant, City of Shreveport. This action was instituted by decedent’s surviving widow in her individual capacity and that of natural tutrix of a minor child.
The accident in which Houston lost his life occurred October 15, 1963, near the intersection of Linwood Avenue with Cul-pepper Street and Texas Avenue. Houston, a mail carrier, immediately prior to the accident, was waiting on a concrete slab designated as a bus stop, located between the sidewalk and the curb on the east side of Linwood Avenue near its aforesaid intersection with the other two streets. While thus waiting, about 9:15 a. m., he was killed by the aforesaid truck, engaged at the time in the service of the defendant.
Negligence charged to defendant’s driver, Carl W. Steward, as constituting the sole cause of the accident and resulting in Houston’s death, consisted, among other acts, of operating the vehicle at a fast and reckless speed, driving off the street onto and across the sidewalk, and in failing to keep the vehicle under control or to maintain a proper lookout. In addition, the driver was charged with operating the vehicle while he was at least partially under the influence of intoxicating liquor. The defendant denied negligence on the part of its driver,, pleaded contributory negligence on the part of the postman, and urged a plea of prescription of one year in bar of plaintiff’s, rights to recover.
The plea of prescription was overruled', and, after trial, the trial court found defendant’s driver guilty of gross negligence,, exonerated the deceased from contributory-negligence, and awarded plaintiff damages: in her individual capacity in the sum of $35,000 and, as tutrix of the minor, $10,000.. From a judgment thus rendered and signed,, both plaintiff and defendant have appealed..
The errors of which defendant complains-relate to the court’s findings of negligence on the part of its driver, the freedom of negligence on the part of decedent, and to its action in overruling the plea of prescription. Plaintiff’s appeal is directed solely toward the inadequacy of the awards of damages.
Immediately prior to the accident, Houston, the decedent, had placed his leather mailbag and contents on the concrete slab serving as a trolley stop and was there kneeling or squatting beside the bag and probably arranging and sorting the mail for delivery. This bus stop is located on the south side of Texas Avenue, east of Linwood Avenue, and just south of an irregular intersection with Culpepper Street. Linwood Avenue, in this particular vicinity, is a paved, 4-lane thoroughfare which, upon completing a railroad overpass, descends northward to normal street level at its intersection with Texas Avenue.
Defendant’s employee, in charge of the truck’s operation, was proceeding in a northerly direction on Linwood Avenue, first up the incline over the overpass and then downward toward the aforesaid street intersection. Traffic through this intersection is controlled by an electric semaphore signal. As the truck descended the *925 overpass and approached the intersection, traffic on Linwood Avenue was stopped by reason of a red signal light. Several cars had stopped south of the intersection in front of defendant’s driver, who, being unable to bring his vehicle to a stop, apparently because of defective and failing brakes, steered the truck to his right in an effort to avoid a collision with the forward vehicles and thereupon ran over and across the east curb of Linwood Avenue, and, in the process, struck, ran over, and crushed the postman as he, in a stooped position, attempted a hurried escape from what perhaps appeared to be an inevitable accident. The truck came to a stop on the parking lot east of Linwood Avenue and south of Culpepper Street.
The truck, 11 or 12 years old, with failing, defective, and faulty brakes, and without a horn, but nevertheless possessing a certificate evidencing a successful passing of a safety inspection, did leave the street and rush upon this postman at the trolley stop, a place of supposed safety. The postman, after an effort to remove himself from the path of the oncoming truck, whirled around, threw up his hands, and was struck in the chest, knocked to the ground, the front wheels rolling over his body and the dual wheels over the middle of his back, inflicting crushing injuries to his head, chest, and abdomen, fracturing his ribs on both sides, and rupturing his heart, liver, and spleen. His was indeed a horrible and untimely death, attributable to an old dilapidated, unsafe truck and its driver’s careless operation thereof.
Nevertheless, defendant submits that its driver was confronted with a sudden emergency because of which, it contends, its driver should be acquitted of negligence. Whatever emergency defendant’s driver faced was of his own creation. Had his brakes not been defective and had he been keeping a proper lookout, there would have been no emergency. The driver had experienced prior trouble with the brakes on this truck.
The rule under which the driver of a motor vehicle is sometimes relieved from negligence in making the wrong choice when confronted with a sudden emergency cannot be successfully invoked in this case. Commercial Standard Insurance Company v. Johnson, 228 La. 273, 82 So.2d 8 (1955); Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127, 131 (1956); Dane v. Canal Insurance Company, 240 La. 1038, 126 So.2d 355, 358 (1960); McCook v. Rebecca-Fabacher, Inc., 10 So.2d 512, La.App., 1st Cir. 1942; Engeron v. LeBlanc, 29 So.2d 497, La.App., 1st Cir. 1947. However, the sudden-emergency doctrine is definitely applicable to the postman, if it can be said he was negligent in any respect in seeking a place of safety when defendant’s truck left the street and suddenly bore down upon him. He had no part in the creation of his situation. He tried to escape, but failed. Looking backward, it might be determined that, had Houston remained in his former position, he would not have been hit, or, had he run in some other direction, he would, likewise, have avoided the accident. But the law is clear that one confronted with an emergency not of his own making is not guilty of negligence if he fails to exercise the best possible judgment, or even takes evasive action that should not have been and would not have been taken except for the stress of the emergency. 65 C.J.S. Negligence § 123, p. 733; 38 Am.Jur., p. 873, “Negligence,” § 193; Snodgrass v. Centanni, supra; Jones v. Continental Casualty Co. of Chicago, Ill., 246 La. 921, 169 So.2d 50 (1964); Hudson v. Louisiana Electric Co., 7 La.App. 78 (1927); Rogers v. T. L. James & Co., 128 So.2d 829, La.App., 3d Cir. 1961; Wilson v. Kelly, 138 So.2d 837, La.App., 2d Cir. 1962 (writ denied).
As a final defense, defendant urges a plea of prescription of one year under LSA-C.C. Art. 2315, providing that a right of action for damages shall survive in case of death for a period of one year from the death. Houston’s death occurred, as heretofore noted, October 15, 1963, whereas this action was not filed until December *926 30, 1964. The institution of this action was initially predicated upon and authorized by Act IS of the 1964 extra-ordinary session of the Legislature. This statute provided:
“The defendant in any suit instituted under the authority hereof shall not be entitled to file a plea of prescription or peremption barring said suit, provided that any suit instituted under the authority of this Act shall be filed by or not later than one (1) year from the effective date of this Act.”
This statute, however, having been attacked upon the ground of unconstitutionality relating to the failure of the call for the extraordinary session to include this subject matter, the action was held in abeyance until the passage of Act 129 of the 1965 session of the Legislature. This latter act provided for the same prohibition against the filing of a plea of prescription or peremption, and authorized either the continuation of the suit filed pursuant to Act 15 of the extraordinary session or the filing of a new suit, at plaintiff’s option, not later than January 1, 1966.
The contention of the defendant is that, by the amendment of Article 3 of Section 35 of the Constitution of Louisiana, pursuant to Act 621 of 1960, there was no longer any need for legislative authorization to file an action for damages against a municipality. Cited in support of this proposition is Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965), which held that the city was not immune from either suit or liability because the city charter, a special legislative act, provided that the city “shall be capable of suing and being sued,” and that such an action comes within the purview of the aforesaid constitutional provision even though not specifically authorized by an act of the Legislature.
Hence, it was contended that the prescriptive period began to run from the death of the party, and that such period, in this case, had fully run before the passage of the last of the aforesaid legislative acts. In this regard it may be pointed out that the defendant is a governmental agency of the State, and constitutional provision, Article 3, Section 35, provides that
“The Legislature may waive any prescription or peremption which may have accrued in favor of the state or other public body against any claim or claims on which suit is so authorized”;
and that is precisely what Act 129 of 1965 did. There is no merit in this plea and it was properly overruled.
In cases of this character, the determination of an appropriate award of damages always presents a matter requiring serious consideration. Resolution of the question is attendant with many difficulties. As we approach the subject we are ever mindful that human life cannot be measured in money or determined by any mathematical calculation which assures any fair or just compensation for its destruction. As the court seeks, as best it can, to arrive at an award to compensate for the uncom-pensable, to make substitution for that which has no substitute, and replace that which is irreplaceable, there is no ready formula. Inadequate as it is, there is only one guide, keeping in mind that no two cases are ever exactly alike. The question may be asked: What have the courts of this State awarded in comparable situations? In this regard, as pointed out in Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964), the appellate courts may review all the facts and circumstances upon which the trial court based the quantum of award, as well as the amounts of awards in similar cases, to determine whether there has been an abuse of the “much discretion” vested in trial courts in assessing damages.
At the time of his death, Houston, 34 years of age, had a life expectancy of 32.5 years. His annual earning as a post *927 man was $5,685. Plaintiff, a surviving widow at the time of her husband’s death, was 32 years of age. Plaintiff and Houston were the parents of one child, a boy, only four years of age at the time of his father’s death.
Submitted for our study in accordance with the rules established in the aforesaid cases is the case of Tison v. Fidelity and Casualty Company of New York, 181 So.2d 835, La.App., 2d Cir. 1965. In that case, Tison, the decedent 43 years of age at the time of his death, had annual earnings of approximately $10,000. He left a surviving widow 41 years of age and a minor daughter 15 years of age. Tison had a life expectancy of 28 years. In that case, the surviving widow was awarded $101,664, $1,664 of which constituted special damages, and the daughter was awarded $25,000.
From our review of the facts of the instant case, we are of the opinion, in view of the awards made in the cited case, there has been an abuse of discretion in the fixing of the awards in this case. In giving consideration to all the pertinent facts and circumstances, we have concluded that an award of $55,000 to the surviving widow and $20,000 to the minor son are in order as affording, in a measure, adequate compensation for the loss of the husband and father.
For the reasons assigned, the judgment appealed is amended by increasing the award for Flossie Lee Hall Houston to $55,000, and for the minor, Ricky Darnell Houston, to the sum of $20,000, and, as thus amended, it is affirmed at defendant-appellant’s costs.
Amended and affirmed.