GLADNEY, Judge.
William Strogens, individually and for the use and benefit of his minor son, Larry Strogens, instituted this action in ex delicto for damages, naming as defendants Mrs. Delwyn B. Small, her husband, Kenneth P. Small, and their liability insurer, Continental Insurance Company. For cause of action it is alleged that the minor was injured January 21, 1967 when struck by an automobile being driven by Mrs. Small. As a result Larry received leg injuries. Following trial judgment was rendered in favor of plaintiff in the sum of $1,750 and in favor of intervenor, Confederate Memorial Medical Center for medical expenses amounting to $232.
*778 On the date aforesaid Mrs. Small had driven her automobile into Bossier City for groceries and was returning to her home at Haughton just prior to the accident on the Old Bellvue Road in Bossier Parish about 1 o’clock P. M. on a clear and dry day. Her car was in good mechanical condition with good brakes. The accident occurred at the intersection of Old Bellvue Road and the Winnfield Road which enters it from the east forming a “T” intersection. At that point the Old Bellvue Road runs north and south. Both roads are approximately 18 feet wide and are blacktopped. On the west side of Old Bellvue Road the shoulder is negligible and slopes into a shallow ditch approximately 4 to 5 feet in width. South of the intersection the Old Bellvue Road completes a curve from the east approximately 180 feet from the locus of the accident.
As Mrs. Small, alone in the car, approached at a speed which she estimated to be from 40 to 50 miles per hour, three boys, George Wood, age 17, Stevenson Strogens, age 13, and Larry Strogens, age 11, were present at the intersection. George Wood is a half brother of Stevenson and Larry. The boys, riding two bicycles, had approached on the Winnfield Road and stopped where it met the Old Bellvue Road. There they remained a while and Larry undertook to cross the Old Bellvue Road to the west side where his bicycle was struck by the car of Mrs. Small. The point of impact was not definitely fixed but was either at the western edge of the asphalt or several feet to the west in the shallow ditch.
The testimony of the three boys cannot be reconciled with the testimony of Mrs. Small and particularly is this true as to whether Larry had crossed the road an appreciable time prior to the arrival of the automobile. They testified Larry had been across the road and in the ditch a matter of a minute or a minute and a half before the accident occurred; that Mrs. Small was traveling pretty fast and without any apparent reason skidded her tires and headed into the west ditch where Larry was seated on his bicycle and struck him. The motorist testified that as she came around the curve about 45 miles per hour, one of the boys rode a bicycle out into the road directly in front of her and in order to avoid striking him she applied her brakes and cut sharply to the left. The accident was investigated by Troopers Aubrey Porter and Harry Gandy who testified it was approximately 60 yards from the north end of the curve on the Old Bellvue Road to the intersection and they found 30 yards of skid marks angling gradually from the left of the center of Old Bellvue Road to the locus of the accident.
The trial judge found that Larry Strogens rode out into the Old Bellvue Road and was partially in that road when Mrs. Small first saw him. It seems incredible to us that the motorist, in the absence of any other vehicles or traffic, and' with no other cause for suddenly taking emergency measures, forceably applied her brakes and attempted to turn her vehicle to the left. It is more logical to assume that an emergency was created which caused the motorist to take such unusual action. The judgment of the trial court, however, turned on the assumption Mrs. Small was alerted to some danger 50 feet farther south or, as we understand, at a distance of some 230 feet from the intersection. This finding of the court is not in accord with the record, for the evidence fails to fix with certainty the distance between the motorist and bicyclist. We can only attain an estimate by employing the use of the physical evidence, such as the length of skid marks, and application of the speed and stopping distance charts, which indicate that if Mrs. Small was traveling at a rate of 45 miles per hour, the reaction distance is 50 feet and vehicle stopping distance 117 feet or a total of 167 feet, and with the inclusion of perception distance of 50 feet, there is a total of 217 feet. These driver stopping distances are set forth in a uniform table found in Am.Jr.2d, Desk *779 Book, page 456. According to a similar table the Lawyers’ Motor Vehicle Speed Chart shows that a vehicle traveling 45 miles per hour travels 65.7 feet per second with stopping distance including reaction time of 221.1 feet. Reference to such charts indicate that Larry in crossing the road to the ditch, a distance of approximately 20 feet, consumed time in excess of two seconds. Therefore, we opine that when he undertook this maneuver the automobile was so close it was likely to and did create an emergency.
Mrs. Small was charged with negligence in failing to keep a proper lookout and her car under control. On the other hand, a number of specifications of negligence against Larry Strogens are alleged and disclosed in the act of the young bicyclist in crossing the highway at a time when it was unsafe to do so.
The principle of law is recognized that one confronted with an emergency is not chargeable with negligence when action is taken according to the best of his judgment. Houston v. City of Shreveport, La.App., 188 So.2d 923 (2nd Cir. 1966); Jones v. Continental Casualty Company, 246 La. 921, 169 So.2d 50 (1964); and Wilson v. Kelly, La.App., 138 So.2d 837 (2nd Cir. 1962). Also it is a rule of jurisprudential law that in Louisiana a minor of normal intelligence over 11 years of age at the time of the accident, is chargeable with appreciable danger and looking out for it, and consequently may be held to be responsible for his negligence and contributory negligence. Cronan v. Cresent City Railroad Company, 49 La.Ann. 65, 21 So. 163 (1897); Lynch v. Knoop, 118 La. 611, 618, 43 So. 252, 8 L.R.A.,N.S., 480 (1907); Downey v. Baton Rouge Electric & Gas Company, 122 La. 481, 47 So. 837 (1908); Cusimano v. City of New Orleans, 123 La. 565, 49 So. 195 (1909); Ferrand v. W. H. Cook & Company, 146 La. 17, 83 So. 362 (1919); Valcour v. Simon Hubig Company, 4 La.App. 521 (1926); Barrere v. Schuber, 5 La.App. 67 (1926); Hargus v. New Orleans Public Service, 9 La.App. 117, 118 So. 847 (Orl.1928) and Juhas v. American Casualty Company, La.App., 140 So.2d 676 (4th Cir. 1962).
Appellees rely upon the case of Tate v. Hill, La.App., 197 So.2d 107 (1st Cir. 1967) as controlling on the question of liability in the instant case. In that case the 12 year old boy was observed by the motorist from a distance of 300 feet running in his direction and did not apply his brakes until he was approximately 100 feet away at which time it was too late. The court applied the doctrine of the last clear chance, holding that under the presented circumstances, the motorist failed to take any precautions but wasted 200 feet of road space and crucial moments during which he could have taken action which the circumstances dictated. In the instant case it is indicated that in all probability Mrs. Small timely exercised precautionary action to prevent the occurrence. We find no facts in the record which indicate the motorist observed the boy in danger sooner than is reflected by the skid marks and speed charts.
In view of our findings that Larry Strogens undertook to cross the highway in front of the motorist, Mrs. Small, at a time when it was unsafe to do so, and that Mrs. Small took all reasonable precautions to avoid the accident, it is our conclusion that Larry Strogens was guilty of contributory negligence constituting a bar to recovery from the defendants. This holding obviates the necessity of considering whether Mrs. Small was in fact guilty of negligence constituting a proximate cause of the accident.
The judgment from which appealed is reversed and plaintiff’s and intervenor’s demands are rejected at plaintiff’s cost.