TATE, Judge
(dissenting).
The writer respectfully dissents from this reversal.
The District Court held that the young teen-age motorist, hurrying on his way to work at 5 :00 P.M., was at fault in causing injury to this 3-year old child, struck in mid-street in a residential section of Lafayette. There is substantial evidence that the driver was going about 30 mph in' a 25 mph area, that the driver could and should have seen the young child as the little boy proceeded towards and over the center line- of the street, and that the driver could have avoided the accident by sounding his horn, slowing, or swerving from the center area of this broad (25' wide) residential street.
*222 Our majority exculpates the young driver from negligence on the ground of sudden emergency. We apparently hold that, once the young child appeared over the center line, the teen-age driver did not have the opportunity to react sensibly, so we excuse his failure to veer because of the sudden emergency confronting him.
What we overlook is that this doctrine excuses only those where their own negligence has not contributed to the emergency. Houston v. City of Shreveport, La.App. 2 Cir., 188 So.2d 923. The emergency was created because the young driver, speeding in excess of the limit, failed to observe the infant during its long approach to the spot of impact. (The parked car was parked off on the shoulder of the lawn and, according to the evidence, including photographs, did not substantially obstruct the driver’s observation of the little boy going into and across the broad residential street.)
We thus fall into error of law in reversing.
Further, in the writer’s opinion, an appellate court, which did not see and hear the witnesses, should not re-evaluate the testimony nor disturb factual determinations made by the trier of fact founded on substantial factual evidence. By ignoring the testimony of the investigating police officer, as to the excessive speed of the vehicle, and the evidence indicating an oncoming driver’s unobstructed view of the child, we disregard highly probative factual evidence which the trial court found determinative. I think we so erred by failing to apply the “manifest error” principle of review.
For these reasons, the writer respectfully dissents from the learned opinion by his esteemed brethren of the majority.