LANDRY, Judge.
Rufus Butler, administrator of the estate of his eleven years and eleven months old daughter, Tommy Leta Butler, appeals the dismissal of his action against Crown Zel-lerbach Corporation (Crown) and its insurer, The Travelers Insurance Company (Travelers), for damages for personal injuries sustained by the child whose feet were burned while she was rummaging upon property belonging to Crown and utilized as the Bogalusa city dump. The trial court rejected plaintiff’s demands on the ground the child was contributorily negligent. We affirm.
Plaintiff joined the City of Bogalusa and its insurer as defendants. A compromise reached prior to trial resulted in the voluntary dismissal of this action as to the City of Bogalusa and its insurer. This appeal is prosecuted only as to the dismissal of plaintiff’s action against Crown and its insurer.
There is little, if any, dispute concerning the facts attending the accident. The incident occurred on August 8, 1967, while Tommy Leta, who lived in New Orleans, Louisiana, was visiting relatives in Bogalu-sa, Louisiana. At the time, the child had been graduated from the sixth grade of elementary school, and was to enter the sev *601 enth grade the ensuing fall term. She was of average intelligence. At about 2:00 P. M., on the afternoon in question, Tommy Leta and several acquaintances of her approximate age were playing at the home of one of the children. As they were thus engaged, another acquaintance, Ray Paul, appeared on the scene possessed with a supply of rubber bands. Ray Paul suggested that he could show the group where more rubber bands were to be found and offered to point out the place to his friends. Tommy Leta, along with the rest of the group, followed the lad to the city dump which was about a ten minute walk away. Tommy Leta was clad in “beach sandals”, which the record discloses were merely rubber soles held on the feet by means of one or two thongs or straps, one of which passed between the child’s toes. The sides and tops of her feet were exposed and bare. Ray Paul guided the children to the spot on the dump where he had formerly found rubber bands, but there were no bands left. The group then started to leave the dump following single file behind Willie Wilson. Tommy Leta was either first or second behind Willie. As Tommy Leta was walking along looking ahead, but not down at the ground, she stepped into an “ashy area.” Her feet sank into the ashy substance; she immediately felt a burning sensation and began to scream and struggle. Her exertions caused her to fall resulting in a slight burn to one elbow. She was removed from the ashy area, and tended to by the children as best they could. Some minutes after the accident, two adults arrived and administered to the child. It developed that the young girl sustained second and third degree burns to the tops and sides of both feet from which she recovered in about eight weeks. The injury resulted in some loss of pigmentation causing a skin discoloration.
The evidence discloses that the property on which the dump is situated belongs to Crown. The dump, covering an area of approximately 10 acres, is situated within the City of Bogalusa, adjacent to a golf course and a public road which gives access to the facility. The record infers that by virtue of a verbal understanding between Crown and the City, the City affords such supervision as is extended to the dump which the record reveals to be minimal. The dump area is not fenced in, it is unposted, and is not provided with any warning or keep out signs of any nature whatsoever. It is also shown that the City usually furnishes bulldozers to level the dump area as required, and that on some occasions, Crown has furnished its own equipment for this purpose. The City, and the public in general, have used the area as a public dump for many years. Crown also uses the area to dispose of general waste of a non-metallic nature. Crown does not dump caustic chemicals in the area, but does use the dump to dispose of paper and cardboard containers which held non-caustic, non-corrosive chemicals used in Crown’s business of operating a large paper mill.
Plaintiff’s petition alleges in substance that the child stepped into a corrosive substance deposited on the premises by Crown. In effect, appellant contends Crown was negligent in depositing such chemicals in the area without posting warning signs, and that regardless of whether the child were a licensee, invitee or trespasser, Crown was also negligent in not properly supervising the dump, and taking precautions to keep out children by fencing the area or posting guards.
The trial court found that appellant failed to establish the nature of the substance which caused Tommy Leta’s burns, and also failed to prove that Crown deposited caustic chemicals in the dump area. The trial court also found it unnecessary to determine the legal relationship between the child and Crown as owner of the property, because the evidence disclosed no breach of duty on Crown’s part. Lastly, the lower court found that Tommy Leta, who lacked less than one month of being twelve years old, possessed the requisite intelligence to appreciate the danger of going *602 into such an area clad in footwear which protected only the soles of her feet. The lower court concluded that the nature of the area suggested to the child that she might be cut by hidden glass, bitten by a snake, step in some caustic substance or step in ashes left by a fire.
Appellant maintains the lower court erred in failing to find that Crown owed a duty to post signs or other warning devices alerting persons utilizing the dump against the possible presence of harmful substances and ashy residue from fires. Appellant also contends the lower court erred in failing to apply the doctrine of attractive nuisance, and further erred in holding the child guilty of contributory negligence barring her recovery.
The injured child testified that she and her companions went into the dump without obtaining permission from anyone to enter the area. She stated as they were leaving the dump, she was looking ahead, but not down at the ground when suddenly her feet began sinking. She stated she immediately felt an intense burning sensation and began to scream and struggle whereupon she fell in what appeared to be “some white stuff”, and also burned an elbow. She further stated that prior to experiencing the sinking sensation, she was not aware of the presence of the matter into which she stepped. She testified that following the incident, she noted that the matter into which she stepped covered an area eight by ten feet. In her pre-trial deposition, she testified that the area into which she stepped appeared as if it had been burned, but that she had not noticed this before walking into it. At the trial, however, she maintained she did not realize she might get hurt in such a place. She acknowledged that if she had seen the ashes, she would not have walked into them because she would have been afraid of being burned. The clear preponderance of her testimony is that she stepped into a bed of hot ashes. In this respect, it is significant that upon stepping into the substance, she instantly experienced a severe burning sensation. This undisputed circumstance strongly suggests the burns were caused by the heat of combustion rather than by a chemical. Moreover, there is no testimony of record to support a finding that Crown disposed of caustic chemicals by depositing them in the dump. We conclude, therefore, that the child’s burns resulted from her stepping into a bed of hot ashes.
Appellant’s contention that the trial court erred in declining to apply the attractive nuisance doctrine is without merit. It is settled jurisprudence that for the attractive nuisance principle to apply, the following circumstances must exist: (1) The injured child must have been too young to appreciate the danger; (2) there must be reason to anticipate the presence of children because of some attraction on defendant’s premises, or some danger where children had a right to be; (3) the instrumentality causing the injury presents the strong likelihood of an accident; (4) the danger must be one not ordinarily encountered, and (5) defendant failed to take reasonably prudent precautions under the circumstances. Duxworth v. Pat Caffey Contractor, Inc., La.App., 209 So.2d 497.
In contending the attractive nuisance doctrine is applicable, appellant relies upon Duxworth, above, and Saxton v. Plum Orchards, 215 La. 378, 40 So.2d 791, neither of which do we find pertinent. Duxworth involved a six and one-half year old child injured while playing on a trailer. Saxton, above, was concerned with the death of a four year old who drowned in a pool.
We find that the instant case concerns a child of average intelligence who completed the sixth grade in school, lacked only one month of being twelve years of age and possessed sufficient intelligence to appreciate the danger attending her rummaging in a city dump. Under these circumstances, we believe that she is not entitled to the benefit of the attractive nuisance doctrine and was capable of contributory negligence. Amacker v. Kirby, La.App., 224 So.2d 18; Strogens v. Small, La.App., 209 So.2d 777.
*603 Under the circumstances of this case, it is immaterial whether the child was a licensee, invitee or trespasser. It is basic law that an invitee, licensee or trespasser may be guilty of contributory negligence barring his recovery for injuries, depending upon the circumstances of each individual case.
The testimony in this instance discloses that Tommy Leta was old enough to readily appreciate the danger of entering a city dump wearing shoes which protected only the soles of her feet. The very appearance of the place demanded that she proceed with caution. She had every reason to anticipate the presence of glass or sharp metal objects on the ground which might injure her feet. Moreover, the likelihood of ashes from trash fires was another possibility which could and should have been anticipated under the circumstances. We likewise find she was remiss in not maintaining a sufficient lookout before stepping into the rather large area where she encountered the ashes.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.