For reasons stated, the verdict and judgment are affirmed.

(43 South. 252.)

No. 16,112.

LYNCH v. KNOOP.

(Feb. 4, 1907.)

1. DEATH—PERSONAL INJURY AVERRED.

Plaintiff's child suffered injury from the effects of which the child died. The suit is for damages on account of death.

2. SAME—MARRIAGE—BURDEN OF PROOF.

Defendant denied that plaintiff's child was a legitimate daughter, and tendered an issue requiring proof of marriage. Plaintiff declined to furnish proof of her marriage, on the ground that the burden of proof was with defendant. The marriage. if there was a marriage, was peculiarly within her knowledge. If she held the proof, relief cannot be allowed, nor damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Marriage, § 68.]

3. SAME — ACKNOWLEDGMENT — NATURAL CHILD.

The acknowledgment of the child, as the record discloses, was made only after the death of the child. Whether timely made or not presents no important point; for whether plaintiff be considered as mother of a child, acknowledged or not acknowledged by her, she is without right to sustain the claim.

4. SAME—LEGITIMATE CHILD.

The child referred to in the Act No. 71, p. 94, of 1884, is a legitimate "child," and not an illegitimate "child." The right under the language of the statute to sue for damages growing out of personal injury is inherited by the mother of the former, and not of the latter.

On the Merits.

5. NEGLIGENCE—EVIDENCE.

Plaintiff's child imprudently went on the freight piled on the bank of the stream. It was not shown that defendant was guilty of negligence.

6. SAME—PROXIMATE CAUSE.

It was proven that the child, with others, went on the freight piled on the bank. Some of it fell and she was fatally injured. Under the circumstances and conditions of the accident plaintiff cannot recover.

7. SAME—FREIGHT HAD NOT BEEN HANDLED BY DEFENDANT.

The freight had been placed on the bank by the schoonermen. It was under the supervision, as relates to stacking, of the harbor master. Defendant is not liable.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Rose Lynch against Otto Knoop. Judgment for plaintiff, and defendant appeals. Reversed.

Frank. McGloin, for appellant. Dinkenspiel, Hart & Davey, for appellee.

BREAUX, C. J. This suit was brought to recover damages in the sum of $10,000 for injuries which resulted in the death of plaintiff's child, caused by a fall of lumber of defendant, which had been stacked on the banks of the New Basin Canal in this city.

Plaintiff's complaint is that on an afternoon in October, 1903, while she was passing on the highway, her little girl stepped alongside of the lumber pile before mentioned, and was knocked down by lumber which fell and injured the child, causing her death in about 24 hours afterward.

She charges that defendant's negligence and carelessness was the cause of the death of her child.

Defendant, by way of exception, pleaded that plaintiff disclosed no cause of action. In the answer defendant reserved his exception, and thereafter denied that plaintiff was married to William Garrett, and alleged that she never was his wife; that Esther Garrett, the little girl who was injured and died from the injuries, was not the legitimate issue of a marriage between William Garrett and plaintiff. The plea of general denial was filed, and defendant further urged on the merits that both plaintiff and her little daughter were negligent, and by their own negligence brought on the casualty.

The judge of the district court condemned

the defendant to pay $1,500 to plaintiff. From this decision the defendant appealed.

The legitimacy vel non of plaintiff's daughter is the first issue that presents itself.

Plaintiff was unquestionably the mother of the child.

The defendant did not especially attempt to prove that there was no marriage between plaintiff and William Garrett further than to introduce the certificate of marriage between plaintiff and her present husband, and the copy of another solemn act, which was a confirmation at the church before a priest of the marriage with Lynch, celebrated before a justice of the peace. She signed each of these acts as "Miss Rose Duffy."

Plaintiff has not testified at all in the case, and no attempt was made to explain why these acts were signed as just mentioned. If it was a mere oversight or signed in the way that it was for any particular reason, it was not explained.

Defendant rested his case on this point on that evidence, and took the position that the onus of proof to show marriage was with the plaintiff; while, on the other hand, the plaintiff appears equally as confident that the onus of proof that she was not married was with the defendant.

In our view, the onus of proof was with the plaintiff. It devolved upon her, in order to meet the issue tendered, to produce evidence of her marriage. In the absence of all proof of marriage, in the face of an absolute denial, the legitimacy of a child will not be presumed where one of the parties to the asserted marriage is a party to the suit and makes no attempt to prove the marriage.

True, the legitimacy of a child born during the marriage is fixed, but it is otherwise if there was no marriage and parties entirely fail to prove marriage.

In Castagnie v. Bouliris, 43 La. Ann. 943, 10 South. 1, plaintiffs in a petitory action were opposed by defendant's plea of illegiti-

macy on the ground that plaintiffs were not the issue of any marriage. The court held in that case that it devolved upon plaintiffs to prove a marriage in order to fix their status as heirs. Having failed in this, their claim was rejected.

The same was substantially the ruling in the Fletcher Succession, 11 La. Ann. 61.

It was also decided in another case that the plaintiff who sought to prove that property belonged to a community (to which it was claimed that it belonged) should establish the marriage as conclusively as any other fact. McConnell v. City, 15 La. Ann. 410.

The court in the Jackson Case, 46 La. Ann. 236, 14 South. 518, said:

"The testimony as to the marriage, * * * particularly on a special denial of that fact in defendant's answer, is entirely too weak to justify judgment."

To the same effect is Alvinest v. Railroad, 107 La. 138, 31 South. 675.

The burden of proof was with plaintiff particularly as she signed two solemn acts in her maiden name; one at the time she was married to her present husband and the other a short time afterward.

There is a difference between a child born out of wedlock and one born during marriage. In regard to the former the allegation that he was born out of wedlock under the circumstances here puts the burden upon him of proving his birth during marriage, as the presumption of legitimacy arises only regarding the child born during marriage.

In this state marriage is a formal declaration or contract by which act a man and woman join in wedlock.

It must be in writing. The spouses are not ignorant of the place where the marriage was celebrated, and it should always be possible to produce a copy, or account for its absence.

The proof of marriage is relaxed as to third persons in certain contingency. But as to the spouses there is no reason why either of

them should not easily prove the fact of marriage. The marriage of plaintiff to William Garrett, if there was a marriage, surely could have been easily proven, as it was not of an ancient date.

If one of the parties chooses not to recognize a former marriage, there can be no remedy for the omission. There is no evidence here sufficient to enable the court to pronounce a decree recognizing a marriage.

We leave the question of marriage and take up the next issue presented in the case.

In her petition the mother declared to the court that her child had been killed.

If the maternity of a child may be acknowledged after the death of the child, it remains that, considered as a child acknowledged, she was not thereby legitimated.

Even if the child has been acknowledged, the mother is not entitled to stand in judgment. A child must have been legitimated in order that the mother may stand in judgment. Was the child legitimated? It was not. Our reasons are the following:

The right of action, under Act No. 71, p. 94, of 1884, survives in the surviving mother and father. "The right of this action shall survive in case of death in favor of the minor children." Id.

This does not include the natural mother and the natural father.

The articles of the Civil Code regarding the mother of legitimate children all refer to a lawful mother. The article of the Code relating to natural mothers and natural fathers is separate from those relating to the lawful mother and father.

The two, the mother and the natural mother, are treated in the Code differently or from a different point of view; one from the point of view that she has a natural right, the other that it is a statutory right extending no further than the terms of the statute.

The following are some of the marked differences between the natural child and the legitimate child: The natural heir is to be recognized and to be placed in possession under special provisions of the law. He is a stranger to the succession from which he inherits until permission is obtained to exercise the right of an heir. It is different with the legitimate heir.

Originally the right to damages for personal injuries was not heritable. The statute has to some extent made it heritable, but it does not express the intention to include the natural mother as a person in whom the right survives, and without some expressed declaration in that respect it cannot be considered as secured under the terms of the statute. The terms of the act cannot be extended so as to include a natural mother or a natural offspring.

Legitimate relationship was the legislative intent.

The right does not survive in the mother further than it does in the natural child. Civ. Code, Art. 3556, No. 8.

Natural children, though recognized, are not children properly so called. The same is a logical conclusion as relates to the mother of the natural child. While she is the mother properly so called, she inherits from the natural child under the special provisions of our Code. Articles 256, 261, 212.

But this can afford no comfort to the plaintiff, for the right of inheritance is special and embraces only such rights as are in themselves heritable. The statute did not enlarge the rights of a natural mother or the mother of a natural child, and did not add to their number or extent. It only provided for the survival of certain designated rights, and as thus designated it includes the mother, and not the mother of the natural child.

Learned counsel for plaintiff places great reliance in Marshall v. Wabash, 120 Mo. 275, 25 S. W. 179.

We have considered the decision in which it seems contrary views were entertained and

expressed. The contention states that the statute of Missouri is the same in every respect as ours—a statement which we accept as correct. True, the statute of Missouri as interpreted by her courts is the law of that state, but it goes no further. It is persuasive not to a greater extent, however, than the decisions in other jurisdictions interpreting an independent statute without regard to prior laws and prior jurisprudence in the state in which the statute has been adopted.

The courts of other states, as relates to a statute in itself, without reference to the laws and jurisprudence, are equally as competent to arrive at a correct solution. Moreover, the decision supra seems to stand alone.

We find contrary views to it in the following:

Am. & Eng. Ency. of Law, vol. 5, pp. 1095, 1096; vol. 8, p. 895, No, 2, note 3. See, also, Words & Phrases, vol. 2, pp. 1117, 1120, 1123, 1135, Verbo, "Legitimate Children." Tiffany on Death by Wrongful Act, § 85, note 15. Black, Law & Practice in Accident Cases, § 109, Note 3.

A different view than is expressed in the Missouri case is expressed in Robinson v. Georgia R. R. Co. (Supreme Court of Georgia, in 1903) 43 S. E. 452, 60 L. R. A. 555, 97 Am. St. Rep. 156. Also A. & A. R. R. Co. v. Williams (Miss.) 28 South. 853, 51 L. R. A. p. 836, 84 Am. St. Rep. 624; I. C. R. R. v. Johnson (Miss.) 28 South. 753, 51 L. R. A. 839; McDonald v. P. C. C. (Ind.) 43 N E 447, 32 L. R. A. 309, 55 Am. St. Rep. 185.

"Child," used in the statute, means legitimate child. McDonald v. Southern R. R. (S. C.) 51 S. E. 139, 2 L. R. A. (N. S.) 640 (1905) 13 Cyc. 337.

## On the Merits.

We have extended our examination into the merits of the case. We have not found that plaintiff's demand is sustained by the testimony.

She has not made out her claim with legal certainty. Her children with the young daughter of the neighbor, instead of following the street and going where they had been sent, stopped and went up on the lumber pile, stepping for their amusement from one board to another. They were on the lumber in invitum. Attempt had been made to make them go away. They were seen on the lumber a short time before the accident.

The New Basin bank is a public landing place that is in charge of the harbor master of the board of control. Act No. 144, p. 199, of 1888.

The lumber was placed on the bank of the canal by the workmen of the schooner. It was piled up to the usual height; that is, three and four feet.

The owner could not inclose the lumber, as it was a public place. The whole was open and apparent. The lumber was piled in the usual way. It does not appear that there was negligence on the part of the owner. He had no reason to suspect that children would jump on the lumber and displace pieces of the lumber. It was not such as to attract children and excite their curiosity.

Under the circumstances he is not liable. Mayronne v. Keegan (No. 16,059) 117 La. 212, 42 South. 212.

The owner of freight is not liable if persons unnecessarily expose themselves to accident.

The child who met with her death was bright and intelligent. We have seen that she was eight years old and old enough to fall within the rule of contributory negligence. Westerfield v. Levis Bros. 43 La. Ann. 63, 9 South. 52.

The child was sui juris as relates to negligence and the condition under which she met with the accident.

Moreover, she had been confided by her mother to an older sister, who was about 13 years of age. The little party, in leaving the street as they did and going on the lum-

ber pile and moving some of the pieces, are not without blame. Some of the pieces fell over and fatally wounded the little girl.

The lumber was in the usual place, and it does not appear that defendant was negligent in regard to it.

The little girl who should have been a protection to her sister led the way to the place of danger.

Under the rules which allow relief for personal injury, we do not think that plaintiff can possibly recover. It does not afford protection to those who so imprudently expose themselves. The proximate cause was the imprudence before mentioned.

It follows from the foregoing that on these grounds also plaintiff cannot recover.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed.

It is further ordered, adjudged, and decreed that there be judgment in this court for defendant against plaintiff; that plaintiff's petition be dismissed, and her demand rejected, at her costs in both courts.