84 So.2d 101 (1955)
Mrs. Etta JACKSON, et al.
v.
John LINDLOM.
No. 20522.
Court of Appeal of Louisiana, Orleans.
December 5, 1955.
Rehearing Denied January 3, 1956.
Writ of Certiorari Denied February 23, 1956.
Arthur J. O'Keefe, Jr., and Leo L. Dubourg, New Orleans, for plaintiff-appellant.
Defendant-appellee unrepresented.
REGAN, Judge.
Plaintiff, Mrs. Etta Jackson, widow of Walter Jackson, instituted this suit on behalf of herself and her three minor children, against the defendant, John Lindlom, endeavoring to recover $25,000, for the wrongful death of her husband on April 23, 1953, at 12:35 a. m., which she asserted was caused by the negligent operation of defendant's motor vehicle.
The defendant pleaded the exceptions of no right or cause of action which were overruled and then answered denying that he was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of the deceased Jackson.
From a judgment dismissing plaintiff's suit, she has prosecuted this appeal.
When the case was called for trial in this court the defendant was both absent and unrepresented by counsel, however, the record and the findings of fact by the trial judge conclusively established that the defendant's negligent operation of his motor vehicle caused the death of Jackson. The record also disclosed that plaintiff is a putative wife and she, despite this fact, asserts that by virtue of the rationale appearing in LSA-Civil Code Articles 117 and 118, she is entitled to successfully maintain an action for the wrongful death of her husband in conformity with the provisions of LSA-Civil Code Article 2315.
These articles read:
Art. 117. "The marriage, which has been declared null, produces nevertheless *102 its civil effects as it relates to the parties and their children, if it has been contracted in good faith.
Art. 118. "If only one of the parties acted in good faith, the marriage produces it civil effects only in his or her favor, and in favor of the children born of the marriage."
Art. 2315. "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. However, should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and the minor children. * *"
Historically, the courts of this State have literally construed the provisions of Article 2315 and, as a result thereof, the Legislature has amended the statute on several occasions. However, it has never been amended so as to permit a putative wife to assert an action for the wrongful death of her husband, and the Supreme Court, accordingly, decided in 1907 that a putative wife is not the widow or wife of a deceased husband so as to be encompassed by the beneficent effects of Article 2315. Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926.
In the above case the organ of the Court expressed the opinion that:
"Under article 2315 of the Civil Code * * * the right to sue for damages for the death of the husband, or for personal injuries suffered by him, is restricted to his lawful wife or widow, and cannot be extended by construction so as to include his putative wife by a bigamous marriage. * * *
"Such statutory right of action, arising after the death of the husband, is not one of the civil effects of marriage which inures to the benefit of the putative wife under articles 117 and 118 of the Civil Code.
"Article 2315 of the Civil Code, as amended, should be strictly construed, and the exceptional right of action granted therein should be restricted to the classes of persons specially designated as beneficiaries. All classes not expressly included are excluded."
Obviously the plaintiff possesses no right as a putative wife to maintain this action against the defendant.
Plaintiff asserts that if she may not maintain this action on behalf of herself, that she should be permitted to assert it on behalf of her minor children.
The appellate Courts of this State have, as we indicated above, been reluctant to apply Article 2315 to any but those persons specially named therein and have strictly adhered to its literal terms, which is clearly revealed by a consideration of their decisions interpreting the word "children" as it appears in the article.
The word "child" or "children" has been interpreted to refer exclusively to legitimate children or to those that have been duly legitimated. Green v. New Orleans S. & G. I. R. Co., 141 La. 120, 74 So. 717; Youchican v. Texas & P. Ry. Co., 147 La. 1080, 86 So. 551. The Courts have held, without any exception that we know of, that the article applies only to actual and legitimate relatives and that its provisions may not be extended by analogy or construction, to encompass persons to whom they do not literally apply.
We are not aware of nor has any decision of the Supreme Court been cited to us indicating what rights, if any, are possessed by children born of a putative marriage. The Civil Code provides that where a putative marriage exists, that is a marriage *103 which is null for some reason, but which was contracted in good faith, it shall produce civil effects in favor of the children born of the union. Although it would appear that such children would be considered legitimate and entitled to sue by virtue of the provisions of Article 2315 for the wrongful death of their parents, the literal interpretation placed upon this article by the Supreme Court in Vaughan v. Dalton Lard Lumber Co., supra, militates against its application to children born of a putative marriage, because the court therein said with reference to this Article that "the exceptional right of action granted therein should be restricted to the classes of persons specially designated as beneficiaries. All classes not expressly included are excluded." See 14 Tulane Law Review 614.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.