ELLIS, Judge.
The plaintiffs filed this suit against the defendants for the wrongful death of Godfrey Cheeks, Jr., their illegitimate son. The plaintiffs were never married but it is not disputed that they were the natural parents of the deceased.
An exception of no right or cause of action was filed and following oral argument, the lower court without written reasons, maintained the exception and dismissed plaintiffs’ suit.
Plaintiffs have appealed.
This action is brought under Article 2315 of the LSA-Civil Code, and the sole question presented is whether the natural parents of an illegitimate -child can recover damages for its wrongful death.
The pertinent part of Article 2315 of the LSA-Civil Code provides: .
“Every act whatever of man that causes damage to another, obligés him by whose fault it happened to repair it; the right of this action shall survive in ,case of death in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of ^.ny of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. However, should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and the minor children. The right of action shall accrue to the major children only *378 in those cases where there is no surviving spouse or minor child or children.”
The appellants urge the phrase in the quoted Article “surviving father and mother” does not exclude natural fathers and mothers but applies to them equally as well as to legitimate fathers and mothers; that the inclusion of natural parents is necessary in view of the following Articles of the LSA-Civil Code.
“Art. 13. When a law is clear and free from all ambiguity,- the letter of it is not to be disregarded, under the pretext of pursuing its spirit.”
“Art. 14. The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words.”
“Art. 18. The universal and most effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it.”
It is also contended that the decision in Lynch v. Knoop, 118 La. 611, 43 So. 252, 254, 8 L.R.A.,N.S., 480, to be discussed later, is archaic and is not in step with modern legal thought.
It seems that counsel for appellants, while conceding that the jurisprudence of our State is contra to his position, urges us to go beyond the interpretations of our Courts upon this subject.
In Lynch v. Knoop, supra, the same question was presented, and there our Supreme Court said:
“The right of- action, under Act No. 71, p. 94, of 1884, survives in the surviving mother and father. ‘The right of this action shall survive in case of death in favor of the minor children.’ Id.
“This does not include the natural mother and the natural father.
“The articles of the Civil Code regarding the mother of legitimate children all refer to a lawful mother. The-article of the Code relating to natural mothers and natural fathers is separate from those relating to the lawful mother and father.
“The two, the mother and the natural' mother, are treated in the Code differently or from a different point of view; one from the point of view that she has-a natural right, the other that it is a. statutory right extending no further than the terms of the statute.
“The following are some of the marked differences between the natural child and the legitimate child: The natural heir is to be recognized and to be placed in possession under special provisions of the law. He is a stranger to the succession from which he inherits until permission is obtained to exercise the right of an heir. It is different with the legitimate heir.
“Originally the right to damages for personal injuries was not heritable. The statute has to some extent made it heritable, but it does not express the intention to include the natural mother as a person in whom the right survives, and without some expressed declaration in that respect it cannot be considered as secured under the terms of the statute. The terms of the act cannot be extended so as to include a nat-. ural mother or a natural offspring.
“Legitimate relationship was the legislative intent.
“The right does not survive in the mother further than it does in the natural child. Civ.Code. Art. 3556, No. 8.
“Natural children, though recognized, are not children properly so called. The same is a logical conclusion as relates to the mother of the natural child. While she is the mother properly so called, she inherits from the natural child under the special provisions of our Code. Articles 256, 261, 212.
*379 “But this can afford no comfort to the plaintiff, for the right of inheritance is special and embraces only such rights as are in themselves heritable. The statute did not enlarge the' rights of a natural mother or the mother of a natural child, and did not add to their number or extent. It only provided for the survival of certain designated rights, and as thus designated it includes the mother, and not the mother of the natural child.
“Learned counsel for plaintiff places great reliance in Marshall v. Wabash R. Co., 120 Mo. 275, 25 S.W. 179.
“We have considered the decision in which it seems contrary views were entertained and expressed. The contention states that the statute of Missouri is the same in every respect as ours — a statement which we accept as ■correct. True, the statute of Missouri as interpreted, by her courts is the law ■of that state, but it goes no .further-. It is persuasive not to a greater extent, however, than the decisions in other jurisdictions interpreting an independent statute without regard to prior laws and prior jurisprudence in the state in which the statute has been adopted.
“The courts of other states, as relates to a statute in itself, without reference to the laws and jurisprudence, are equally as competent to arrive at a correct solution. Moreover, the decision supra seems to stand alone.
“We find contrary views to it in the following:
“Am. & EngiEricy. of Law,' vol. 5, pp. 1095, 1096; vol. 8, p. 895, No. 2, note 3. See, also, Words & Phrases, vol. 2, pp. 1117, 1120, 1123, 1135, Verbo, ‘Legitimate Children.’ Tiffany on Death by Wrongful Act, § 85, .note 15. Black, Law & Practice in Accident Cases, § 109, Note 3.
“A different view than is expressed in the Missouri case is expressed in Robinson v. Georgia R.[& Banking] Co. (Supreme Court of Georgia, in 1903) [193 Ga. 168] 43 S.E. 452, 60 L.R.A. 555, 97 Am.St.Rep. 156. Also’ A[labama] & [V.] R. R. Co. v. Williams [78 Miss. 209] 28 So. 853, 51 L.R.A. p. 836, 84 Am.St.Rep. 624; Illinois] C[ent.] R. R. v. Johnson [77 Miss. 727] 28 So. 753, 51 L.R.A. 839; McDonald v. P[ittsburgh], C.[,] C. [& St. L. R. Co., 144 Ind. 459] 43 N.E. 447, 32 L.R.A. 309, 55 Am.St.Rep. 185.
“ ‘Child,’ used in the statute, means legitimate child. McDonald v. Southern R. R. [71 S.C. 352] 51 S.E. [138] 139, 2 L.R.A.,N.S., 640 (1905) 13 Cyc. 337.”
In Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842, 844, the Supreme Court disposed of the correlative of this question as follows:
“The ruling of the district court and of the Court of Appeal that plaintiff has no cause or right of action under Article 2315 of the Civil Code for damages resulting from the death of the father of her children, even though caused by the gross fault and negligence of the defendant, is supported by repeated decisions of this court.
“According to plaintiff’s allegations, her children are bastards. In Youchican v. Texas & Pacific Ry. Co., 147 La. 1080, 86 So. 551, this court held .that under our jurisprudence it is well settled that the provisions of Article 2315 of the Revised Civil Code, granting a right of action to a child or children for damages resulting from the tortious death of a.parent, have reference to legitimate children — ¡that is, children born in wedlock — or to children duly legitimated. See also Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480, 118 Am.St.Rep. 391, 10 Ann.Cas. 807; Landry v. American Creosote Works, 119 La. 231, 43 So. 1016, 11 L.R.A.,N.S., 387; Green v. New Orleans, S. & G. I. R. Co., 141 La. 120, 74 So. 717.
“The Court of Appeal 'cited and relied upon the above citéd cases in sup *380 port of its ruling that the plaintiff had no cause or right of action under Article 2315 of the Code. Its ruling was correct.”
Since Lynch v. Knoop, supra, Article 2315 has been amended upon several occasions and the language used therein has never been enlarged or changed to include natural parents. This is indicative that our Legislature was in accord with the judicial interpretations of the words used therein and did not desire to broaden them.
The judgment of the District Court is affirmed.