147 So.2d 733 (1962)
Isaac BUIE et al., Plaintiffs-Appellants,
v.
Guin L. HESTER et al., Defendants-Appellees.
No. 9827.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1962.
John Barkley Knight, Jr., Winnsboro, for appellants.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellees.
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This is an action, ex delicto, by plaintiffs as parents of the minor, Georgia Mae Buie, who was fatally injured when struck by a car after alighting from a school bus. Named as defendants were Guin L. Hester, driver of the car which struck plaintiff's decedent; Leonard Brown, owner of the school bus, and his insurer, The Insurance Company of the State of Pennsylvania. In their petitions plaintiffs alleged that they were married in the year 1938 and their daughter, Georgia Mae Buie, was born of said marriage on June 26, 1955. In connection with the answer of defendants, *734 Leonard Brown and his insurer, interrogatories were propounded to plaintiffs. The answers disclosed that the plaintiff, Isaac Buie, was lawfully married to Ella Mae Roe on December 24, 1934; that said marriage was never legally dissolved; that, despite the existence of the prior marriage, these plaintiffs were ceremonially married on July 9, 1938, of which marriage the deceased child was born. Plaintiff, Isaac Buie, declared that he was under the impression his former marriage had been dissolved, but that a search of the records of the clerk's office of Franklin Parish failed to disclose the divorce proceedings and judgment which he believed to have been taken. On the basis of the pleadings and the above narrated answers to the interrogatories, the defendants, Brown and his insurer, filed a motion for summary judgment, and, after submission on briefs, judgment was rendered sustaining the motion and dismissing the plaintiffs' demands against said defendants. From this judgment plaintiffs have appealed.
Counsel for plaintiffs specifies errors with respect to the judgment of the district court in holding, by implication, that the ceremonial marriage between plaintiffs was not entered into in good faith and, therefore, did not constitute a putative marriage; that the minor, Georgia Mae Buie, was not a legitimate child; that plaintiffs were not the father and mother of a legitimate child, and, therefore, not entitled to maintain an action for a wrongful death; and, finally, that the wrongful death action is not a property right and, therefore, does not constitute one of the civil effects of a putative marriage.
As pointed out by counsel for defendants, since this matter was disposed on motion for summary judgment, it must be conceded, for purposes of consideration, that plaintiffs were in good faith, and, accordingly, their union constituted a putative marriage.
As to the issue of legitimacy of decedent, we think the contention urged on behalf of plaintiffs is insupportable under the clear and unambiguous provisions of the LSA-Civil Code. Article 93 provides that persons legally married are incapable of contracting another marriage until the former has been legally dissolved. Article 202 declares that illegitimate children whose father and mother were incapable of contracting marriage are considered as bastards.
Proceeding to the asserted error that plaintiffs, as parents of a legitimate child, are entitled to maintain an action for wrongful death, we think this contention is answered by LSA-C.C. Article 200, providing that only natural children, offspring of parents who could have contracted marriage at the time of conception, can be legitimate.
It is appropriate to observe that in this case we are not concerned with the legal status, that is, the legitimacy, vel non, of the deceased child, but rather with the legal status of the parents and their rights as governed by Article 2315 of the LSA-Civil Code.
Finally, we are brought to consideration of what we regard as the real issue tendered by this appeal, that is, whether the amendment of Article 2315 of the LSA-Civil Code by Act 30 of 1960 has the effect, under the circumstances of this case, of conferring upon plaintiffs a right of action as one of the civil effects of a putative marriage. This point comprehends the principal burden of the argument made on behalf of plaintiffs.
Prior to the amendment of 1960, the landmark case of Vaughan v. Dalton-Lard Lumber Company, 119 La. 61, 43 So. 926, established the principles that the statutory right of action provided by Article 2315 was not to be considered as one of the civil effects of marriage inuring to the benefit of a putative wife under Articles 117 and 118 of the LSA-Civil Code; that Article 2315 should be strictly construed to the extent that the rights of action granted therein were restricted to persons specifically designated, and that all classes of *735 persons not expressly included were to be considered excluded. In Jackson v. Lindlom (Orleans, 1955, writs denied), La.App., 84 So.2d 101, the court followed the principles enunciated in the Vaughan case and held that the provisions of Article 2315 did not apply to a putative wife or to the children born of her putative marriage to decedent.
Counsel urgently contends that the effect of the amendment of 1960 has been to change the nature of the right accorded, from a personal to a property right. We find no ground for disagreement with such a conclusion, but we fail to understand the pertinency of this contention.
We are constrained to feel that counsel has misinterpreted the purpose and effect of the 1960 amendment. Conceding the change in the nature of the right afforded by the article to the status of a property right, we cannot perceive how this effects an enlargement of the classes of persons in whom the right of action is vested. In other words, whether the right be one of person or property, there appears to be no rational ground for considering that either the purpose or effect has enlarged, or otherwise changed, the categories of persons entitled to assert the right.
The following pronouncement in the opinion of the Supreme Court in the case of Vaughan v. Dalton-Lard Lumber Company, cited supra, is particularly appropriate:

"The statute is sui generis, and is neither a law of inheritance nor a law of marriage. It provides for the survival of a right of action, and a distinct right of action, in favor of certain classes of persons. Those not included are excluded, and the article cannot be construed to confer the right upon persons not expressly mentioned in it." (Emphasis supplied)
The opinion further declared that a putative wife
"* * * is not included in the terms `widow' and `wife,' which necessarily imply a lawful marriage."
The rule of strict construction of Article 2315 has been many times enunciated and reiterated by our courts. In Kerner v. Trans-Mississippi Terminal Railroad Company, 158 La. 853, 104 So. 740, the Supreme Court declared that the statutory right of action
"* * * must be construed strictly, and not extended to any other survivors than those who were surely intended to be included and are in fact mentioned in the statute; * * *." (Emphasis supplied)
More recent cases include Harris v. Lumbermen's Mutual Casualty Company (1st Circuit, 1950), La.App., 48 So.2d 728; Young v. McCullium (1st Circuit, 1954), La.App., 74 So.2d 339; Finn v. Employers' Liability Assurance Corporation, Ltd. (2d Circuit, 1962), La.App., 141 So.2d 852.
The denominations of classes of relationships as provided in Article 2315 have been restricted to legitimate relatives; Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480; Sesostris Youchican v. Texas & Pacific Railway Company, 147 La. 1080, 86 So. 551.
In the Vaughan case, after reference to Lynch v. Knoop, the court observed:
"The statute might have included children of age, grandchildren, natural mothers, natural children, grandparents and putative wives; but the lawmaker did not deem it proper to do so. The `widow' and the `wife' mentioned in the statute must be construed as meaning the lawful surviving spouse. These words have no other legal significance."
It must be noted that at least one of the classes to which attention was called in the above extract"children of age"was included by the amendment of 1960.
Our examination has failed to disclose any authority in our jurisprudence which *736 would overrule the well established principles that Article 2315 is sui generis, does not constitute a law of inheritance, must be strictly construed, and the rights granted thereunder are expressly limited to the classes of lawful relations specifically named therein.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.