GLADNEY, Judge.
This is a wrongful death action under Article 2315 of the LSA-Civil Code brought by the widow and surviving children of the decedent, Tom Ellis. The trial court sustained the declinatory exception of insufficiency of process and lack of jurisdiction over the person on behalf of Bluff City Motors, Inc. The court also sustained the peremptory exception of no right of action on behalf of Emmett L. Hayes, Allstate Insurance Company, United States Fidelity and Guaranty Company, H. J. Jeffries Truck Line, Inc., and Transport Insurance Company, the remaining defendants herein.
This action arose out of an automobile accident which occurred on November 21, 1962, in Tensas Parish, Louisiana, in which the decedent Tom Ellis was a guest passenger in a truck driven by Emmett Hayes. The truck was owned by Bluff City Motors, Inc. and had been loaned to Hayes for use while his own vehicle was being repaired in their shop in Natchez, Mississippi.
The plaintiffs-appellants allege the trial Court erred by giving undue weight to the testimony offered by exceptors on the validity of the marriage of plaintiff Emma Ellis to decedent Tom Ellis and by failing to give any weight to the legal presumption in favor of the validity of such second marriage, thus sustaining the exception no right of action. It is also alleged that the trial court erred in sustaining the exception ratione personae as to Bluff City Motors, Inc., based on the conclusion that service on the non-resident corporation by way of the Non-Resident Motor Vehicle Statute was improper.
The principal issue raised by the exception of no right of action is basically *886 a question of fact: whether the appellees have carried the burden of proof by proving no legitimate relationship exists to vest the appellants with a cause of action under Article 2315 of the LSA-Civil Code.
The plaintiffs are the alleged surviving widow, Emma Ellis, and the alleged legitimate children of her marriage with decedent, Tom Ellis. The defendants deny the plaintiffs’ legitimate relationship to Tom Ellis and assert the validity of a prior marriage between Tom Ellis and Elnora Robinson. On December 21, 1911, Tom Ellis and Elnora Robinson were married and a copy of the marriage license was entered into evidence. The marriage was recorded in the records of Tensas Parish, Louisiana. Elnora Robinson separated from Tom Ellis a little more than a year later. She testified she had never filed any divorce or separation action against Tom Ellis and had never been served with any papers for such an action by him. King Davis Murray, Perry Murray and Jim Phillips, lifelong friends and neighbors of Tom Ellis, testified that they knew of no divorce between Tom and Elnora. There is no evidence on the records of Ouachita Parish or Tensas Parish, the two domiciles of Tom Ellis, which would indicate a divorce had been obtained. The plaintiffs presented no evidence to disprove the first marriage or to prove its dissolution.
After a careful consideration of the testimony and evidence adduced at the trial, we are in agreement with the trial Court’s findings that Tom Ellis, decedent, was married to and undivorced from Elnora Robinson Ellis at the time of his marriage to plaintiff Emma Ellis and at the time of the conception of the remaining plaintiffs.
The appellants cite and rely on Lands v. Equitable Life Assurance Society, 239 La. 782, 120 So.2d 74 (1960) in which it is stated:
“We are in full accord with the majority view that a presumption exist as to the validity of a second marriage and that the burden of proof to show that it is a nullity is on the party attacking it.” [120 So.2d 74, 76]
We fully agree with the above statement, however, the presumption of the validity of the second marriage is rebut-table and we find that the defendants have carried the burden of proof that the second marriage was a nullity. An invalid marriage cannot give rise to a wrongful' death action under Article 2315 of the-LSA-Civil Code. Buie v. Hester, La.App.,. 147 So.2d 733, (2nd Cir.1962). The trial Court was correct in sustaining the exception no right of action.
We likewise find no error in the ruling of the trial Court with regard to the exception ratione personae filed on behalf of defendant Bluff City Motors; however, in-view of our conclusion that the plaintiffs have no right to bring this action we pre-termit a discussion of the merits of such exception.
For the foregoing reasons the judgment is affirmed at appellants’ cost.