LANDRY, Judge.
The sole issue presented for decision on this appeal is purely a question of law which may be stated as follows: Does Article 2315 LSA-C.C. confer a right of action for wrongful death to an illegitimate or natural sister of the half blood of a decedent allegedly killed because of the negligence of a third party? Upon defendant’s motion for summary judgment, based on plaintiff’s admission she is the illegitimate half sister of decedent, Richard Mason, (they being both illegitimate children of the same mother but having different fathers), for whose alleged wrongful death plaintiff herein seeks damages from defendant, Connecticut Fire Insurance Company et al. and its assured, Edmund J. Land, Jr., the learned trial court answered the foregoing query in the negative and dismissed plaintiff’s suit with prejudice. From said adverse determination plaintiff has appealed.
By pleading, admission or response to interrogatories, the present record discloses plaintiff is the illegitimate half-sister of decedent Richard Mason who received injuries on April 11, 1963, when a bicycle he was riding was struck by an automobile operated by defendant Land,'of which injuries Mason died June 25, 1963. It further appears said decedent was never married, left no ascendants or descendants, never adopted any children and left no *297 brothers or sisters other than plaintiff-appellant.
In essence learned counsel for appellant contends the trial court erred in dismissing plaintiff’s demand because Article 2315 LSA-C.C. grants appellant a right of action against defendants for: (1) decedent’s pain and suffering from the date of the accident until his demise; (2) plaintiff’s own damages consisting of grief, sorrow, shock, mental anguish, loss of love, companionship and association, and; (3) damages to which decedent and his estate were entitled, namely, medical and funeral expense.
The jurisprudence of this state is well established to the effect that the right of action conferred by LSA-C.C. 2315 is sui generis and neither a law of inheritance nor a statute of marriage. In effect it provides for the survival of a particular right of action and grants certain specific rights of action in favor of designated classes of persons expressly named therein. Classes of individuals or relations not included in the statute are excluded, and the article cannot be broadened’ by construing it to confer the rights provided for upon persons not expressly enumerated therein. Vaughan v. Dalton-Lard Company, Ltd., et al., 119 La. 61, 43 So. 926; Buie v. Hester, La.App., 147 So.2d 733.
In Lynch v. Knoop, 118 La. 611, 43 So. 252, which involved the claim of a parent predicated upon the death of an illegitimate child, the Supreme Court observed that, except for the statute in question, the right to damages for personal injuries was not heritable. The Court further noted that the statute made such right heritable to the extent therein provided, but concluded in effect, the terms of the law could not be extended to include a natural mother or offspring inasmuch as such relations were not expressly named therein. Following this observation, the Court noted that the relationship intended by the legislature in enacting Article 2315 was legitimate relationship.
The thrust of the argument advanced by esteemed counsel for appellant is that the amendment of Article 2315, supra, by Act 30 of 1960, has the effect of broadening the Article to include illegitimate relations of a decedent.
Prior to the passage of Act 30 of I960', Article 2315, LSA-C.C. read as follows:
“Art. 2315. Liability for acts causing damage; survival of action
Art. 2315. Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. However, should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and the minor children. The right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.
If the above right of action exists in favor of an adopted person, it shall survive in case of death in favor of the children or spouse of the deceased, or either of them, and in default of these in favor of the surviving adoptive parents, or either of them, for the space of one year from the death. However, this right of action shall survive in favor of the blood parent or parents to the exclusion of the adoptive parent or parents when at the time of the adoption the adopted was a major, or *298 emancipated minor whose adoption was effected without the consent of the blood parent or parents evidenced in the act of adoption. In default of these, it shall survive in favor of the surviving blood brothers and sisters of the adopted person, or either of them, for the space of one year from the death.
The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be.”
The adoption of Act 30 of 1960, amended and revised LSA-C.C. Article 2315 so that it now provides:
“Art. 2315. Liability for acts causing damage; survival of action
Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words “child”, “brother”, “sister”, “father”, and “mother” include a child, brother, sister, father, and mother, by adoption, respectively.”
In urging adoption of a broadened and enlarged interpretation of the statute in question, counsel for appellant strenuously argues significance must be accorded legislative deletion of the word “blood” from the category “blood brothers and sisters”, by the 1960 amendment. In this regard counsel maintains the Explanatory Note to LSA-C.C. Article 2315 by the eminent scholar, Henry G. McMahon, indicates legislative purpose to expand the scope of the Article as follows: “This article was amended on the recommendation of the Louisiana State Law Institute primarily to broaden the right to recover damages for wrongful death, and to solve the problems which otherwise would be presented by the doctrine of abatement of actions.” Based on the foregoing, counsel contends that, since the legislature admittedly intended to extend the rights conferred by the statute to additional categories of individuals, the 1960 amendment deleting the word “blood” from the former classification “blood brothers and sisters” can only be interpreted as meaning the lawmakers thereby sought to extend the category “brothers and sisters” to include all brothers and sisters whether legitimate, illegitimate or of the whole or half blood and grant all such collateral relations the benefits, rights and advantages provided by the statute.
We believe the answer to appellant’s contentions is to be found in the following *299 language appearing in Buie v. Hester, La. App., 147 So.2d 733, wherein the claim of a parent for the death of an illegitimate child was rejected in a most scholarly and well reasoned opinion which summarized the applicable jurisprudence thusly:
“The following pronouncement in the opinion of the Supreme Court in the case of Vaughan v. Dalton-Lard Lumber Company, cited supra, is particularly appropriate.
‘The statitie is sui generis, and is neither a law of inheritance nor a lazv of marriage. It provides for the survival of a right of action, and a distinct right of action, in favor of certain classes of persons. Those not included are excluded, and the article cannot be construed to confer the right upon persons not expressly mentioned in it.’ (Emphasis supplied)
“The opinion further declared that a. putative wife
‘ * * * is not included in the-terms “widow” and “wife,” which necessarily imply a lawful marriage.1'
“The rule of strict construction of Article 2315 has been many times enunciated and reiterated by our courts. In Kerner v. Trans-Mississippi Terminal Railroad Company, 158 La. 853, 104 So. 740, the Supreme Court declared that the statutory right of action
‘ * * * must be construed strictly, and not extended to any other survivors than those who were surely intended to be included and are in-fact mentioned in the statute; * (Emphasis supplied.)
“More recent cases include Harris v. Lumbermen’s Mutual Casualty Company (1st Circuit, 1950), La.App., 48 So.2d 728; Young v. McCullium (1st Circuit, 1954), La.App., 74 So.2d 339; Finn v. Employers’ Liability Assurance Corporation, Ltd. (2d Circuit, 1962), La.App., 141 So.2d 852.
“The denominations of classes of relationships as provided in Article 2315 have been restricted to legitimate relatives; Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480; Sesostris Youchican v. Texas & Pacific Railway Company, 147 La. 1080, 86 So. 551.
“In the Vaughan case, after reference to Lynch v. Knoop, the court observed:
‘The statute might have included children of age, grandchildren, natural mothers, natural children, grandparents and putative wives; but the lawmaker did not deem it proper to do so. The “widow” and the “wife”' mentioned in the statute must be construed as meaning the lawful surviving spouse. These words have no other legal significance.’
“It must be noted that at least one of the classes to which attention Was called in the above extract — ‘children of age’ — was included by the amendment of 1960.
“Our examination has failed to disclose any authority in our jurisprudence which would overrule the well established principles that Article 2315 is sui generis, does not constitute a law of inheritance, must be strictly construed, and the rights granted thereunder are expressly limited to the classes of lawful relations specifically named therein.”
We observe nothing in the 1960 amendment indicative of legislative aim to enlarge the scope of Article 2315 to include illegitimate relations. While the footnote makes it abundantly clear the lawmakers intended to widen the application of the law, we also observe the comment thereafter proceeds to expressly enumerate the extensions con *300 templated. In this connection we quote the foot-note as follows:
“Explanatory Note — Henry G. McMahon
This article was amended on the recommendation of the Louisiana State Law Institute primarily to broaden the right to recover damages for wrongful death, and to solve the problems which otherwise would be presented by the doctrine of abatement of actions. As amended, it implements Art. 428, L.S.A. — Code of Civil Procedure. The amendment makes a number of changes in the law. First, it makes a right of action, or an action, to recover property damage heritable. Second, it broadens the primary class of survivors so as to include major children. Third, if a survivor who has the right to recover damages for the physical injury or wrongful death of a deceased person should die, after instituting suit but before judgment, the instituted action is inherited by the survivor’s heirs, who may be substituted as parties plaintiff. In this respect, the amendment overrules legislatively drivers v. Roger, 1898, SO La.Ann. 57, 23 So. 100, and the cases based thereon. Fourth, if the survivor should die before instituting suit to recover damages for the physical injury or wrongful death of a deceased person, the right to sue is inherited by the survivor’s heirs. In this respect, the amendment overrules legislatively Kerner v. Trans-Mississippi Terminal R. Co., 1925, 158 La. 853, 104 So. 740, and the cases which have followed it. Fifth, the amendment places relatives by adoption on the same basis as blood relatives.”
The stated purposes of the amendment are clear, specific and unambiguous. We are aware of no instance wherein the cause of action provided in the statute has been extended to an illegitimate relation. On the contrary, in every case wherein entitlement to the benefits of the act has been asserted, the statute has been interpreted to mean the relationship of the claimant to decedent must be legitimate. Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480; Vaughan v. Dalton-Lard Lumber Co., Ltd., et al., 119 La. 61, 43 So. 926; Cheeks v. Fidelity & Casualty Company, La.App., 87 So.2d 377 and Scott v. La Fontaine, La.App., 148 So.2d 780, all involve actions by natural parents to recover for the death of an illegitimate child. In each case the claim was rejected on the ground the statute contemplated legitimate relationship. In Buie v. Hester, La.App., 147 So.2d 733, parents of a child of a putative marriage were held without right to sue for the death of the child. In Jackson v. Lindlom, La.App., 84 So.2d 101, the benefits of the statute were held inapplicable to a putative widow and the offspring of her marriage to their deceased putative husband and father.
It is our considered judgment that nothing in the footnote to LSA-C.C. Article 2315, as amended, indicates legislative intent to extend the provisions of that statute to natural brothers and sisters. Deletion of the word “blood” insofar as it qualified the category “brothers and sisters” did not, when considered in conjunction with the last paragraph of the amended article and the explanatory footnote, signify intent to include natural brothers and sisters within the purview of the law. The amended article and footnote, construed together, indicate the legislature merely intended to place persons related by legal adoption within the categories “father”, “mother”, “child”, “brother” and “sister” as those terms are used in the last paragraph of the amended article. Had the legislature intended to broaden the scope of the article to include natural or illegitimate brothers and sisters, it would have been a simple matter to expressly so provide. The following language appearing in Cheeks v. Fidelity & Casualty Company of New York et al., La.App., 87 So.2d 377, *301 is peculiarly appropos the point under discussion :
“Since Lynch v. Knoop, supra, Article 2315 has been amended upon several occasions and the language used therein has never been enlarged or changed to include natural parents. This is indicative that our Legislature was in .accord with the judicial interpretations of the words used therein and did not desire to broaden them.”
Astute counsel for appellant maintains that whereas plaintiff may be illegitimate as to her parents, she cannot be shown to be illegitimate as to her deceased Tialf brother therefore she should be permitted to maintain this action as a legitimate relation of decedent. While counsel forcefully asserts the foregoing position on which he bases the further premise that appellant and decedent are legitimate quoad their relationship to each other, we deem it of utmost significance that no authority is cited in support of such a novel and in■genious contention. We detect no merit in this argument considering the provisions of LSA-C.C. Article 238 which state in effect that generally, illegitimate children belong 'to no family and have no relations.
Next able counsel for plaintiff maintains that as an irregular heir of her deceased natural half brother, appellant is •entitled to inherit from said decedent and should therefore be permitted to prosecute •this action on authority of Succession of Wesley, 224 La. 182, 69 So.2d 8. We readily recognize the binding effect of the Supreme Court decision in Succession of Wesley, supra, wherein it was held that the •general laws of inheritance apply to natural brothers and sisters and that such col-laterals inherited from each other in the •absence of surviving issue or parents. We 'hasten to add, however, the ruling in the •cited authority is inapplicable to the case :at bar inasmuch as appellant is not herein ■asserting rights under the general rules of •Inheritance as established by our succession laws, but rather a special action to recover for an alleged tort which action is authorized solely by the provisions of Article 2315. To prevail herein, appellant must show that she comes within one of the categories enumerated in the applicable statute.
Appellant’s counsel further argues the right to recover damages for decedent’s pain, suffering, medical and funeral expense is expressly characterized a property right by the first sentence of paragraph three of the applicable article as amended, and as irregular heir of decedent she inherits such rights and is entitled to prosecute same. This argument is but a refinement of that mentioned in the next preceding paragraph and the answer is the same, namely, appellant is herein attempting to enforce a right emanating from an alleged tort committed upon decedent, the survival of which particular and peculiar right is governed by LSA-C.C. Article 2315 which is controlling and exclusive in the premises. Conceding the right asserted is a property right as expressly provided by the statute in question, we fail to see wherein this affects a broadening of the classes of persons entitled to inherit such right upon the death of the victim of the tort. Survival of such right is vested exclusively in legitimate relations, a class into which appellant does not fall. The legal nature of the right, that is, its characterization as a personal or property right, has no effect upon the classes of individuals expressly authorized to institute suit thereon. Buie v. Hester, La.App., 147 So. 2d 733.
Finally, it is argued on behalf of appellant that if decedent were married, appellant could recover for the death of decedent’s wife who may have predeceased him due to the tort of a third party, because the last sentence of paragraph three of the amended article expressly states that the right of action is a property right which, on the death of the initial survivor entitled thereto, passes to the legal, insti *302 tuted or irregular heirs of such original survivor. Granted that this is true under the specific terms of the statute, it nevertheless follows that for the right to become the heritable property of a survivor there must first be a survivor who comes within a category established by the statute and in whom the right survived against the tort feasor. In the instant case we have no qualified survivor of decedent who fulfills the statutory requirement of legitimate relation.
The statute being sui generis, this court is not at liberty to question the wisdom of the legislature in confining, restricting and limiting the benefits of the law to those classes of relations expressly enumerated. Conceding the authority of the legislature to include illegitimate relations within the scope of the statute if that body so desires, it nevertheless remains it has not as yet seen fit to do so. We can only conclude, therefore, that the legislature did not intend to extend to illegitimate or natural brothers and sisters the initial right of sur-vivorship of those actions as encompassed in subject statute.
Accordingly, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.