**Mr. and Mrs. Alexander BENJAMIN**
v.
**HARDWARE MUTUAL CASUALTY COMPANY.**
**No. 10211.**

United States District Court
W. D. Louisiana,
Lafayette Division.
Aug. 25, 1965.

Domengeaux & Wright, Bob F. Wright, Lafayette, La., for plaintiffs.

Voorhies, Labbe, Fontenot, Leonard & McGlasson, H. Lee Leonard, Lafayette, La., for defendant.

PUTNAM, District Judge.

## SUMMARY JUDGMENT

The motion for summary judgment filed by the defendant presents squarely the question of whether or not duly acknowledged natural children are entitled to file suit under Louisiana Civil Code Article 2315 for the wrongful death of their mother. The facts are undisputed insofar as is necessary for the purpose of deciding this motion.

The suit is for the death of Mary Benjamin, through the alleged negligence of defendant's insured, and is brought under the Louisiana Direct Action Statute, LSA–R.S. 22:655. Plaintiffs are the mother and father of the deceased who sue individually and for and in behalf of six children who survived the deceased. Affidavits and depositions in this record establish that these minor plaintiffs are illegitimate children of the decedent, but that she held them out to the world as her own thus placing them in the category of acknowledged natural children as contemplated by the Louisiana Civil Code.

The motion must be decided in favor of defendant. Louisiana Courts have consistently construed the words "child" and "children" as used in Article 2315 of the Louisiana Civil Code to apply exclusively to children born in lawful wedlock or to children who have been duly legitimated by their parents. Thompson v. Vestal Lumber & Mfg. Co., 208 La. 83, 22 So.2d 842 (1945); Sesostris Youchican v. Texas & P. Ry. Co., 147 La. 1080, 86 So. 551 (1920);

Green v. New Orleans S. & G. I. R. Co., 141 La. 120, 74 So. 717 (1917); Landry v. American Creosote Works, 119 La. 231 (1907), 43 So. 1016; Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926 (1907); Lynch v. Knoop, 118 La. 611, 43 So. 252 (1907); Buie v. Hester, 147 So.2d 733 (La.App.1962); Finn v. Employers' Liability Assur. Corp., 141 So.2d 852 (La.App.1962); Jackson v. Lindlom, 84 So.2d 101 (writs den.) (La.App.1955); Navarrette v. Joseph Laughlin, Inc., 20 So.2d 313 (La. App.1944).

The fallacy of plaintiffs' argument lies in the failure to recognize the distinction between natural children duly acknowledged and legitimate or legitimated children as recognized in the Louisiana Civil Code, which is clearly illustrated by the foregoing decisions.

In addition to the argument as to the status of these minors plaintiffs urge that Article 2315 of the Civil Code should be declared unconstitutional inasmuch as it discriminates against illegitimate children and does not afford them an opportunity to sue for the wrongful death of their natural parent, while it does afford this right to legitimate children. Without discussing the obvious error in this position, suffice it to say that this statute is not under attack in this proceeding. If by some legal alchemy plaintiffs have developed a new field in the matter of civil rights litigation, it should be properly raised in a suit filed for that purpose.

■ It is therefore ordered that the motion for summary judgment filed by defendant, Hardware Mutual Casualty Company, be and the same is hereby granted and the suit in this instance filed for and on behalf of the minors Nita Mae Wills, Harold James Lewis, Shirley Ann Derouselle, Oliver James Lewis, Gil Whitney Benjamin and Genevieve Williams, illegitimate children of the deceased Mary Benjamin, be and the same is hereby dismissed. Under Louisiana law they are classified simply as bastards for purposes of these proceedings and are not within the purview of Article 2315 of the Louisiana Civil Code.

It is further ordered that plaintiffs, Mr. and Mrs. Alexander Benjamin, mother and father of the deceased, present their individual claims by filing a supplemental and amended petition with deletion of the claims advanced in the original petition in behalf of the above-named minors, for the purpose of properly aligning the parties to this suit and presenting the issues to be tried to the jury. Said plaintiff shall have twenty (20) days within which to comply herewith, failing in which said suit shall also be subject to dismissal.