148 So.2d 780 (1962)
Delores SCOTT
v.
Maxiam LA FONTAINE et al.
No. 814.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1962.
Rehearing Denied February 4, 1963.
Certiorari Denied March 25, 1963.
*781 Gerald P. Aurillo, New Orleans, for plaintiff-appellant.
Lemle & Kelleher, H. Martin Hunley, Jr., New Orleans, for defendants-appellees.
Before SAMUEL, JOHNSON and JANVIER, JJ.
SAMUEL, Judge.
Plaintiff brought this suit, under Article 2315 of the LSA-Civil Code for damages resulting from the death of her minor son in an automobile accident, against four defendants, the father of the minor driver of the car in which the deceased child was a passenger, his insurer, and a road construction corporation and its insurer. Later she dismissed her suit against the last two defendants.
The petition, as enlarged by an attached duplicate original of an act of legitimation made part thereof, alleges that the deceased child was plaintiff's illegitimate son; that plaintiff and the father of the child were never married but at the time of conception there existed no legal impediment to their marriage; that she had informally acknowledged the child; that the accident and death occurred on November 30, 1957 (when the boy was 16 years of age); and that on November 18, 1958 (more than eleven months after the death) plaintiff legitimated her son by notarial act.
To this petition defendants (hereinafter we will refer to the present appellees as "defendants") filed exceptions of no right or cause of action. The trial court maintained the exceptions and dismissed the suit. Plaintiff has appealed.
The portion of Art. 2315 which provides that in case of death the right of action, or the right to recover, survives in favor of "the surviving father and mother" or "either of them" has reference only to a lawful parent and does not include a parent who has only acknowledged his or her illegitimate child. Cheeks v. Fidelity & Casualty Co. of New York, La.App., 37 So.2d 377; Lynch v. Knoop, 118 La. 611, 43 So. 252.
Plaintiff does not contend she is entitled to bring this action because she has acknowledged her son. Her contention is that she has validly legitimated the child and therefore has become a "surviving mother" under the article. Defendants urge that legitimation cannot be validly accomplished after the death of the child sought to be legitimated and, alternatively, that a mother who has legitimated her natural child does not come within the purview of Art. 2315. In addition, we are confronted with the proposition that if the right of action is determined at the time of death plaintiff has no such right for the *782 reason that at the time of the death of the child she was only its natural mother. Defendants' first contention is determinative of this case.
In Louisiana there are two means by which children can be legitimated. Under LSA-Civil Code Art. 198 children born out of marriage, except those who are born from an incestuous connection, are legitimated by the subsequent marriage of their father and mother where the latter have acknowledged them as their children. Under LSA-Civil Code Art. 200 and LSA-R.S. 9:391 a natural parent may legitimate his natural child by an act passed before a notary and two witnesses which act declares it is the intention of the parent to legitimate. The act by which the present plaintiff sought to legitimate her son meets the form requirements of Art. 200 and the statute. The only objection thereto is the fact that the child was deceased at the time the act was passed.
LSA-Civil Code Art. 201, which permits legitimation of deceased children, reads as follows:
"Legitimation may even be extended to deceased children who have left issue, and in that case it inures to the benefit of such issue." LSA-C.C. Art. 201.
Art. 332 of the Code Napoleon (1804) is the same as our Art. 201 and Planiol has this to say about the French Art. 332:
"In principle, legitimation should take place during the child's life. When once it is dead, legitimation is no longer possible because a new attribute cannot be accorded a person who no longer exists. Legitimation is nevertheless permitted when the deceased natural child has left legitimate descendants (Art. 332). The legitimation inures to the benefit of its descendants by improving their relations with their grandparents and the entire family. Until then they were able to assert only the rights of the deceased natural child whom they represented. Their rights therefore regarding the succession of their grandparents were the limited rights of a natural child. They had no right as regards other members of the family for natural relationship does not extend beyond the first degree. Thenceforth, the deceased child being deemed to be legitimate, they themselves enter completely into the family. Their successorial rights are increased accordingly." 1 Planiol Traité Élémentaire De Droit Civil Sec. 1554 (La. Law Inst. Transl. 1959).
We are impressed by the use of the words "may even be extended" in the quoted Art. 201, and, as legitimation primarily is for the benefit of the child, are of the opinion that legitimation of a deceased child by notarial act is possible only where that child has left issue within the meaning of the article. In the instant case the deceased child left no issue. The exception of no right of action was correctly maintained.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.