192 So.2d 193 (1966)
Thelma LEVY, in Her Capacity as Administratrix of the Succession of Louise Levy, and as the Tutrix of and on Behalf of the Minor Children of Louise Levy, Said Children Being: Ronald Bell, Regina Levy, Cecelia Levy, Linda Levy and Austin Levy,
v.
The STATE of Louisiana Through the CHARITY HOSPITAL OF LOUISIANA AT NEW ORLEANS BOARD OF ADMINISTRATORS and W. J. Wing, M.D. and A. B. C. Insurance Companies.
No. 2355.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1966.
Rehearing Denied December 5, 1966.
Writ Refused January 20, 1967.
*194 Porteous & Johnson, William A. Porteous, III, New Orleans, for W. J. Wing, M.D., and Interstate Fire and Casualty Co., defendants and appellees.
Dorothy Wolbrette, Asst. Atty. Gen., for State of Louisiana, defendant-appellee.
Ingard O. Johannesen, New Orleans, for Charity Hospital, defendant-appellee.
Levy, Smith & Ford, Adolph J. Levy, New Orleans, for plaintiff-appellant.
Before YARRUT, SAMUEL and CHASEZ, JJ.
YARRUT, Judge.
This is an appeal from a judgment maintaining exceptions of no right or cause of action to a suit filed on behalf of minor children for the wrongful death of their mother.
The children are admittedly illegitimate and have never been legitimated.
Plaintiff-Appellant, on behalf of the children, contends that the denial of this right to illegitimate children solely because of their status is, as to them, a denial of due *195 process and equal protection under law under both the Louisiana and United States Constitutions (La.Const., Article 1, Section 2; U.S.Const. 5th and 14th Amendments), and because it bears no real or substantial relation to the general health, morals, or welfare of the people, citing Reynolds v. Louisiana Board of Alcoholic Beverage Control, 249 La. 127, 185 So.2d 794.
The case of Reynolds v. Louisiana Board of Alcoholic Beverage Control, cited supra, was based on the fact that the statute bore no substantial relation to the general health, morals, or general welfare of the people. Denying illegitimate children the right to recover in such a case is actually based on morals and general welfare because it discourages bringing children into the world out of wedlock.
The action for wrongful death is purely statutory in Louisiana, being found in Article 2315 of the Revised Civil Code of Louisiana.
Our jurisprudence is well established that "child" means legitimate child, and that recovery is denied both to illegitimate and putative children for the wrongful death of a parent. Board of Com'rs v. City of New Orleans, 223 La. 199, 65 So.2d 313; Sesostris Youchican v. Texas & P. Ry. Co., 147 La. 1080, 86 So. 551; Jackson v. Lindlom, La.App., 84 So.2d 101; see also Chivers v. Couch Motor Lines, Inc., La.App., 159 So.2d 544; Scott v. La Fontaine, La.App., 148 So.2d 780; Buie v. Hester, La.App., 147 So.2d 733; 14 Tul.L. Rev. 613.
That an illegitimate child was dependent upon the deceased parent for support makes no difference. Board of Com'rs v. City of New Orleans, supra.
Mere acknowledgment will not serve to cure a defect in legitimacy. Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A., N.S., 480; Scott v. La Fontaine, supra.
Since there is no discrimination in the denial of the right of illegitimate children to recover based on race, color, or creed, we can find no basis for the contention of unconstitutionality, and can find no jurisprudence of our courts to such effect. The judgment appealed from is affirmed; Appellant to pay all costs of this appeal.
Judgment affirmed.