**Mrs. Minnie Brade GLONA, Appellant,**

v.

**AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY et al.,**
**Appellees.**

**No. 24181.**

United States Court of Appeals
Fifth Circuit.

June 22, 1967.

William F. Wessel, Marvin C. Grodsky, Leonard J. Fagot, New Orleans, La., for appellant, Minnie Brade Glona.

Margot Mazeau, Frank S. Normann, Normann & Normann, New Orleans, La., for appellees, American Guarantee & Liability Ins. Co. and Henry O. Mac Donell.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

■ This suit was instituted in the United States District Court for the Eastern District of Louisiana by the plaintiff, Mrs. Minnie Brade Glona, a resident of Texas, who sues the defendants, American Guarantee & Liability Insurance Company and its insured, a resident of Louisiana, to recover for the wrongful death of her son, who died as a result of an automobile accident which occurred in the city of New Orleans in September, 1964. Defendants filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, on the ground that the plaintiff's deceased son, although informally recognized by the plaintiff, was her illegitimate son and that, therefore, plaintiff had no cause of action for his death.[1]

Plaintiff, in opposition to the motion for summary judgment, acknowledged that under the Louisiana law she had no right of action for the death of her illegitimate child but urged that to so restrict Article 2315 of the Louisiana Civil Code violates the equal protection provisions of the Fourteenth Amendment to the Constitution of the United States. Upon such submission, the District Court granted the defendants' motion for summary judgment.

■■ Plaintiff argues for the first time on this appeal that the granting of the Rule 56 motion was erroneous for the reason that the laws of Texas should be applied in determining whether or not she has a right of action against defendants.[2] Plaintiff's theory that the law of Texas should be applied even though the injury and death occurred in Louisiana is that, by reason of plaintiff's domicile, Texas has a more significant relationship with the occurrence than Louisiana. Such an argument at this point is foreclosed. Upon being met with defendants' motion for summary judgment, plaintiff was authorized by Rule 56 to develop factually that the law of the domicile had a more significant relationship with the occurrence than the *lex loci delicti*. Plaintiff failed to do this, and such an issue was not raised upon the submission to the District Judge.

■■ As to plaintiff's argument that the construction by the Louisiana courts of Article 2315, Civil Code of Louisiana, so restricts said provision that it violates the equal protection clause of the Fourteenth Amendment, this Court is clear to the conclusion that the Fourteenth Amendment does not prohibit States from classification but only prohibits classification upon an unreasonable basis. It cannot be said that the classification here by the Louisiana courts is unreasonable. Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485.

The motion for summary judgment was properly granted, and the action of the District Court is

Affirmed.

1. The Civil Code of Louisiana, Article 2315, provides for the right of recovery for wrongful death in favor of "the surviving father and mother of the deceased, or either of them." The statute does not state "legitimate father" or "legitimate mother." The Louisiana courts have held that the words "mother," "children," and "father" have reference to survivors of legitimates. The decedent must be legitimate in order for an ascendant to recover. See Vaughan v. Dalton-Land Lumber Co., 119 La. 61, 43 So. 926; Jackson v. Lindlom, La.App., 84 So.2d 101 (1955), and Buie v. Hester, La.App., 147 So.2d 733 (2 C.A.1962).

2. The Texas wrongful death statute Title 77 Vernon's Texas Civil Stat. Art. 4675, as the same has been construed by the Texas courts, would authorize an action such as plaintiff's for the wrongful death of her illegitimate son.