219 So.2d 320 (1969)
Myrtle Dyson MILES, Plaintiff-Appellant,
v.
CITY-PARISH GOVERNMENT OF EAST BATON ROUGE PARISH et al., Defendants-Appellees.
No. 7557
Court of Appeal of Louisiana, First Circuit.
January 27, 1969.
*321 Anthony J. Clesi, Jr., Baton Rouge, for Alton T. Moran.
R. Gordon Kean, Jr., and Charles E. Pilcher, Baton Rouge, for the city of Baton Rouge and Parish of East Baton Rouge.
Calvin E. Hardin, Jr., of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for William Louis Albritton.
Martin Schroeder, Jr., of McGehee & McKinnis, Baton Rouge, for C. Robert Carter.
Before LANDRY, REID and SARTAIN, JJ.
SARTAIN, Judge.
The petitioner in this cause is the mother of two children, Kathy Marie Richard, age 9, and Rufus O'Neal Richard, age 5, who died as a result of drowning in the Northdale Canal located near the 1400 block of Boyd Avenue in the City of Baton Rouge. She instituted this action against the City-Parish Government, C. Robert Carter and William Louis Albritton. Mr. Carter and Mr. Albritton are alleged to be owners of property abutting and forming a part of the canal. It is alleged that the defendants were negligent in their failure to provide safeguards against persons falling into the canal thereby permitting a hazardous condition to exist.
The original petition did not contain any facts concerning the father of the deceased children.
Defendants first filed dilatory exceptions contending that the father of the children was an indispensable party to the action. C.C. Art. 2315. Plaintiff responded to the exceptions by amending her original petition and admitting that the children were "not born of a lawfully consummated marriage, but were reared, supported and in other ways informally acknowledged by petitioner as her natural children. Thereafter defendants filed peremptory exceptions alleging that plaintiff's petition discloses no cause or right of action on the grounds that plaintiff is not the lawful mother of the children. The City-Parish Government also interposed an additional peremptory exception founded on governmental immunity.
The trial judge rendered judgment sustaining the peremptory exceptions of all three defendants on the grounds that our law does not provide for a cause or right of action by a natural parent for the wrongful death of illegitimate children. C.C. Art. 2315. Plaintiff now appeals from this judgment which dismissed her suit.
C.C. Art. 2315 provides a right of action in the case of wrongful death to the "surviving father and mother" or "either of them". At the time the district court sustained defendants' peremptory exceptions of no right of action it was the well established law of Louisiana that this article pertained only to a lawful parent thus eliminating any right of action on the part of natural parents for the wrongful death of their illegitimate offspring. Scott v. LaFontaine, 148 So.2d 780 (4th La.App., 1962, rehearing and writs denied); Cheeks v. Fidelity & Casualty Co. of New York, 87 So.2d 377 and Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480.
This long standing and settled rule has now been annulled, set aside and reversed by the United States Supreme Court in Glona v. American Guarantee and Liability Insurance Co., et al., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed. 441, rehearing denied 393 *322 U.S. 898, 89 S.Ct. 66, 21 L.Ed.2d 185, reversing 5 Cir., 379 F.2d 545.
In the Glona case an action was brought under Louisiana law in the United States District Court for the Eastern District of Louisiana by a mother for the alleged wrongful death of her illegitimate son. The district court granted defendant's motion for summary judgment. The United States Court of Appeals, 5th Circuit, on June 22, 1967 affirmed the judgment of the district court and held that Article 2315 of the Civil Code of Louisiana was not an unreasonable classification by Louisiana courts restricting the rights in such actions to legitimate parents and therefore did not violate the Fourteenth Amendment of the United States Constitution.
The United States Supreme Court granted certiorari and on May 20, 1968 concluded its opinion by saying:
"Opening the courts to suits of this kind may conceivably be a temptation to some to assert motherhood fraudulently. That problem, however, concerns burden of proof. Where the claimant is plainly the mother, the State denies equal protection of the laws to withhold relief merely because the child, wrongfully killed, was born to her out of wedlock."
It will serve no useful purpose here to reiterate arguments advanced in support of the long standing rule previously adhered to in Louisiana relative to wrongful death actions of this type. The Supreme Court of the United States determined that there was not a causal connection with the "sin" giving rise to the birth of the child and the "farfetched" assumption that women will have illegitimate children so that they can be compensated in damages for their death.
An examination of the record in the instant matter evidences no factors which would offer any basis to distinguish it from the Glona case. We are bound in law to recognize and adhere to the Glona decision.
For the above and foregoing reasons the judgment of the district court is reversed and this matter is remanded for a trial on the merits. We have not considered and express no opinion as to the plea of governmental immunity urged by the defendant, City-Parish Government of East Baton Rouge. Costs of this appeal are to be borne by defendants with the final costs to await a decision on the merits.
Reversed and remanded.