261 So.2d 320 (1972)
George ROGERS et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 8813.
Court of Appeal of Louisiana. First Circuit.
April 17, 1972.
E. Robert Sternfels, Triche & Sternfels, Napoleonville, for plaintiffs-appellants.
Stephen T. Victory, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendant-appellee.
Before LOTTINGER, SARTAIN and CRAIN, JJ.
SARTAIN, Judge.
This is a suit in tort under C.C. Art. 2315 for the alleged wrongful death of Sullivan J. Rogers. It was brought by his brothers, George Rogers and Joseph Rogers, and his sister, Pearl Rogers Hebert, and his step-sister, Rose Russer and his step-brother, Eugene Russer. The latter two appearing through their tutor, Horace Jupiter. The defendant filed peremptory exceptions of no cause and no right of action premised on the proposition that the plaintiffs were not the legal siblings of the deceased. In connection with the exceptions the following stipulation was offered in evidence:
"For purposes of this lawsuit only, it is stipulated by and between all plaintiffs and all defendants, that George Rogers, Pearl Rogers Hebert, Joseph Rogers, Eugene Russer, and Rose Russer are not legitimate brothers or sisters or step-brothers or step-sisters of Sullivan J. Rogers and that the mother of George Rogers, Pearl Rogers Hebert, Joseph Rogers, Eugene Russer, Rose Russer, and Sullivan J. Rogers was never married during her life time."
The pleadings and the minutes reflect "The Exception of No Right or Cause of Action"[1] was upheld and judgment was subsequently filed decreeing that the exception of no right of action be maintained and plaintiffs' suit be dismissed with prejudice. Plaintiffs have appealed and we affirm.
Apparently the only evidence offered on the exception of no right of action is the *321 aforementioned stipulation. The transcript contains no testimony and we are not favored with written reasons for judgment.
Plaintiffs contend that their right of action is accorded to them by the recent decisions of the United States Supreme Court in the cases of Levy v. Louisiana, La.App., 192 So.2d 193, rev. 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436, and Glona v. American Guaranty and Liability Insurance Company, 5 Cir., 379 F.2d 545, rev., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441. Both of these cases involve the application of C.C. Art. 2315, which we quote for convenience:
"Art. 2315. Liability for acts causing damage; survival of action
Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words `child', `brother', `sister', `father', and `mother' include a child, brother, sister, father, and mother, by adoption, respectively."
In Levy illegitimate children were held to be entitled to recover for the wrongful death of their natural mother. In Glona it was determined that the natural mother could not be denied recovery for the wrongful death of a child born to her out of wedlock. In both of these cases the Supreme Court held that limiting the right of action to legitimate children or parents was invidious to and prohibited by the Due Process and Equal Protection Clauses of the Federal Constitution.
The issue for resolution in the matter now before us is whether or not Levy and Glona extend such rights to illegitimate brothers, sisters, step-sisters, and step-brothers. We answer in the negative.
Foregoing for the present moment any consideration of the effect of Levy and Glona, it has long been the established law of this state that rights of brothers and sisters under C.C. Art. 2315 are limited to legitimate relations. In Green v. New Orleans, S. & G. I. R. Co., 141 La. 120, 130, 74 So. 717, 720, our Supreme Court stated:
"[3] It has been settled by several decisions of this court that article 2315 (as amended and reenacted by Act 71 of 1884 and Act 120 of 1908), under which this suit is brought, applies to actual and legitimate relations, and that its provisions cannot be extended to reach other persons to whom they do not expressly apply; hence, as plaintiffs have not established for themselves the required status, *322 of legitimate sisters of the decedent, by reason of whose death they allege that they have sustained injury, they are not entitled to recover. Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480, 118 Am.St.Rep. 391, 10 Ann.Cas. 807; Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926; Landry v. American Creosote Works, 119 La. 231, 43 So. 1016, 11 L.R.A.,N.S., 387; Mount v. Tremont Lumber Co., 121 La. 64, 46 So. 103, 16 L.R.A.,N.S., 199, 126 Am.St. Rep. 312, 15 Ann.Cas. 148; Flash v. Louisiana Western R. Co., 137 La. 352, 68 So. 636, L.R.A. 1916E, 112. ..."
In Levy the Supreme Court stated that the rights there asserted involved the intimate, familial relationship between a child and his own mother. The majority opinion expressed the view that legitimacy or illegitimacy of birth bore no relation to the nature of the wrong allegedly inflicted on the mother. At 391 U.S 68, 72, 88 S.Ct. 1509, 1511, the court concluded:
"Legitimacy or illegitimacy of birth has no relation to the nature of the wrong allegedly inflicted on the mother. These children, though illegitimate, were dependent on her; she cared for them and nurtured them; they were indeed hers in the biological and in the spiritual sense; in her death they suffered wrong in the sense that any dependent would."
The same reasoning followed in Glona which again determined that the biological relationship was paramount and that the equal protection clause of the Constitution necessarily limited the authority of the states "to draw such `legal' lines as it chooses."
Levy and Glona not only stress the biological relationship between parent and child but they also refer to the obligation of a natural parent to support his or her offspring, with the reciprocal duty of the child to support its natural parent. C.C. Arts. 239 and 240.[2]
In the case at bar the biological relationship is one step removed as to the full brothers and sisters and even more so in the case of the step-brother and step-sister. In neither instance is there a legal duty on the part of one to support and care for another.
In Stokes v. Aetna Casualty and Surety Company, 257 La. 424, 242 So.2d 567 (1971), an unacknowledged illegitimate minor and a second illegitimate posthumously born child of the decedent were held to be barred from any benefits under our workmen compensation statutes where the decedent was survived by legitimate children. The court determined that it was within the authority of the state to provide benefits for legitimate children to the exclusion of illegitimate offspring. The court there concluded that the social and biological factors deemed paramount in Levy and Glona did not prohibit, as violative of equal protection, the distinction between these two sets of children.
Accordingly, for the above and foregoing reasons, the judgment appealed from is affirmed at plaintiffs' costs.
Affirmed.
NOTES
[1] Though labeled as one exception, we shall treat them as two. Further, our decision is limited to the exception of no right of action, which permits the introduction of evidence. C.C.P. Art. 931.
[2] 239. Reciprocal duties between
 parents and illegitimate
 children.

"Art. 239. Nevertheless nature and humanity establish certain reciprocal duties between fathers and mothers and their illegitimate children."
"Art. 240. Reciprocal duty to furnish
 alimony.
"Art. 240. Fathers and mothers owe alimony to their illegitimate children, when they are in need;
Illegitimate children owe likewise alimony to their father and mother, if they are in need, and if they themselves have the means of providing it."