283 So.2d 507 (1973)
Ada WARREN et al.
v.
Raymond M. RICHARD.
No. 9447.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
Rehearing Denied November 20, 1973.
Writ Granted January 4, 1974.
Robert E. Palmer, Amite, for appellants.
Frank, J. Polozola, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
LOTTINGER, Judge.
This is a suit for the wrongful death of David Lee Blackburn. The defendant is Raymond M. Richard.
The Lower Court dismissed the action on an exception of no right or cause of action and an alternative motion for a summary judgment filed by defendant. Petitioners have appealed.
This is a suit sounding in tort for the wrongful death of David Lee Blackburn who was flagging traffic on the I10 Bridge over the Mississippi River in East Baton Rouge Parish when he was struck by a vehicle driven by the defendant. The mother and brother of decedent claimed damages for his wrongful death. The defendant filed an exception of no right or cause of action and an alternative motion for summary judgment based upon the fact that the deceased was survived by a minor child who has an exclusive right of action under the provisions of Article 2315 of the Louisiana Civil Code. We quote from the written reasons of the trial court:
"The exception of no right of action should be sustained if the plaintiffs have no interest in the suit. CC Article 2315 grants a right of action for damage resulting from a wrongful death. This right of action is granted in favor of one of three classes of the deceased's relations. Only one class may have the right. The existence of the first class excludes the other two and the second class exludes the third. Whatley v. Dupuy, 178 So.2d [438] (La.App. 1st Cir. 1965). In this suit, all three classes are represented. Class 1the deceased's child. Class 2the deceased's mother. Class 3the deceased's brother. Plaintiffs are in classes 2 and 3, therefore, defendant alleges they are exluded by class 1.

*508 The respondents have tacitly acknowledged that the motion for summary judgment should be granted insofar as denying the right of deceased's brother to recover in the event the mother is entitled to recover; however, their contention is that an illegitimate child, particularly an adulterous bastard, as is apparently the case here, has no right of action.
The problem here can be narrowed to the question whether an adulterous bastard can recover for wrongful death of its biological parent under CC Article 2315.
Regardless of what the interpretation of this article once was in respect to legitimacy, the United States Supreme Court has abolished any distinction here between legitimates and illegitimates. In Levy v. Louisiana, 192 So.2d 193 (La. App. 4th Cir. 1966), writs refused, [250 La. 25] 193 So.2d 530, [253 La. 73] 216 So.2d 818, [391 U.S. 68] 88 S.Ct. 1509, [20 L.Ed.2d 436] (1968), the Court held that the denial to illegitimate children of the right to recover for wrongful death constituted invidious discrimination against them, and, therefore, violated the Constitutional Amendment 14. There is no indication in the opinion that the Court drew any disinction between adulterous bastards and other illegitimates. By merely reading the plain language of the decision, it is evidence that the rule applies to all illegitimates, not just some of them.
However, the plaintiff in this case argues that the above distinction should be made. In this respect, he cites George v. Bertrand, 217 So.2d 47 (La. App. 3rd Cir. 1968), writ refused [253 La. 647] 219 So.2d 177 (1969), certiorari denied [396 U.S. 974] 90 S.Ct. 439 [24 L.Ed.2d 443] (1969). In that case, the Court held `where a child was conceived and born during the marriage of his mother and her legal husband, so that child was a legitimate son of the mother's legal husband, a man who was living with the mother at the time of the child's conception and birth and who later married child's mother and who acknowledged the child, was not the child's legal father and he did not legitimate the child and could not maintain an action for the wrongful death of the child.' Writs were denied in the Bertrand case by the U. S. Supreme Court thus apparently tacitly approving the result obtained therein. In Babineaux v. Pernie-Bailey, 250 So.2d 224 (La.App. 1st Cir. 1971), [261 La. 1080] 262 So.2d 328 (1974), the First Circuit took a similar position in a reverse situation in holding that an adulterous bastard cannot recover for the wrongful death of his biological father. On appeal, however, the Louisiana Supreme Court reversed and remanded the case on the grounds that the reasons given by the Court of Appeal were insufficient to strike the child's right of action.
More recently and of significant authority is the case of Weber v. Aetna, 232 So.2d 328 (La.App. 1st Cir. 1969), [257 La. 424] 242 So.2d 567; [406 U.S. 164] 92 S.Ct. 1400 [31 L.Ed.2d 768] (1972), in which an adulterous bastard was attempting to receive benefits under the workmen's compensation statute equal with legitimate children. The Court held that the Levy case was dispositive of the issue. It held irrelevant the fact that the workmen's compensation statute excluded only unacknowledged illegitimates, whereas CC Article 2315 excluded all illegitimates. The Court states "Both the statute in Levy and the statute in the present case involve state-created compensation schemes, designed to provide close relatives and dependents of a deceased a means of recovery for his often abrupt and accidental death.
There should be no concern with the apparently opposite positions the U. S. Supreme Court takes in the Bertrand and Weber cases. In the first place, the denial of the writ of certiorari in Bertrand *509 can at the most be only an inference of the U. S. Supreme Court's thoughts. Of more importance is the fact that the Bertrand case dealt with a parent's right to sue for the wrongful death of his illegitimate child, whereas the Weber case dealt with the illegitimate child's right to sue for the wrongful death of his biological parent. The ability or inability of each plaintiff to choose the situation and respective relationship in which he was proceeding before the Court might well have influenced the Court's mind in finding a distinction. In any event, if the opinions are diametrically opposed, the Weber case is the more recent and should control herein.
Therefore, the answer to the question originally posed is yes, an adulterous bastard may recover for the wrongful death of its biological parent under CC Article 2315. Accordingly, the exception of no right of action should be maintained and the motion for summary judgment granted. The suits of the plaintiffs, Ada Warren and Loucis Charles Blackburn, are hereby dismissed at their costs."
In the recent case of Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973), the United States Supreme Court, in citing the Weber and Levy cases held that the natural biological father owes a duty to support an illegitimate child. In that case the Court said:
"We have held that under the Equal Protection Clause of the Fourteenth Amendment a State may not create a right of action in favor of children for the wrongful death of a parent and exclude illegitimate children from the benefit of such a right. Levy v. Louisiana, 391 U. S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968). Similarly, we have held that illegitimate children may not be excluded from sharing equally with other children in the recovery of workmen's compensation benefits for the death of their parent. Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L. Ed.2d 768 (1972). Under these decisions, a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally. We therefore hold that once a State posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child simply because her natural father has not married her mother. For a State to do so is `illogical and unjust'. Weber v. Aetna Casualty & Surety Co., supra, at 175, 92 S. Ct., at 1406. We recognize the lurking problems with respect to proof of paternity. Those problems are not to be lightly brushed aside, but neither can they be made into an impenetrable barrier that works to shield otherwise invidious discrimination."
For the reasons hereinabove assigned, the judgment of the Lower Court is hereby affirmed, all costs to be paid by petitioners.
Affirmed.